322

82 So.2d 401

Emmette L. BARRAN et al., d/b/a White
Way Pure Milk Co.,

v.

Jerry RODEN.

8 Div. 780.

Supreme Court of Alabama.

Sept. 15, 1955.

See also ante, p. 305, 82 So.2d 398.

Peach, Caddell & Shanks and Chas. H.
Eyster, Decatur, and Marion F. Lusk, Guntersville, for appellants.

G. Ernest Jones, Beddow & Jones, Birmingham, and Starnes & Starnes, Guntersville, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a decree overruling and denying appellants' motion to discharge a temporary injunction granted by the writer of this opinion on June 11, 1954.

On March 3, 1953, appellee, Jerry Roden, filed in the Circuit Court of Morgan County his suit against the appellants individually and as a firm doing business as "White Way Pure Milk Company." The complaint contained four counts; the first three being common counts, and count 4 claiming damages for the breach of an alleged oral agreement to execute a written five-year contract of employment with appellee. The defendants in that suit demurred to the complaint.

On June 19, 1953, a suit was filed by the appellants, Barran and Winton, as partners doing business as "White Way Pure Milk Company" against appellee, Roden, in the Circuit Court of Marshall County, in Equity, setting up a written contract of January 9, 1953, with defendant, Roden, whereby they leased from him, for five years, a two-story building in Boaz and two pak-ice machines. They complained that Roden was wrongfully interfering with the fair use of the building and had forbidden and physically prevented their removing one of the pak-ice machines to another building

used by them in Boaz. They prayed for an injunction against each type or aspect of interference. Appellee, Roden, demurred to the bill, which demurrer was overruled except as to that aspect seeking to enjoin interference with the removal of the pak-ice machine from the leased premises. An appeal was taken from the ruling on demurrer by the complainants in that suit who are the appellants here. Before the appeal was taken, Roden filed an answer and cross-bill in the Marshall County suit in equity. The cross-bill, as amended, sought to reform the contract between the parties, and the specific performance of an agreement to execute a contract, and damages for its breach, and a temporary and permanent injunction restraining appellants from "prosecuting certain pleas in set-off and recoupment numbered 6 through 11 in the Circuit Court of Morgan County." Honorable Stewart Stone, Judge of the Circuit Court of Marshall County, Alabama, in Equity, denied the application for a temporary injunction. Thereupon, cross-complainant, the appellee here, renewed his application to the Chief Justice of this court, as authorized by Sec. 1045, Tit. 7, Code of 1940. Pleas Nos. 6 through 11 in the Circuit Court of Morgan County at Law set up by way of set-off and recoupment the same claims which those parties as complainants in the equity suit in Marshall County are seeking to enforce as ancillary to the injunctive relief sought by them. The effect of the temporary injunction ordered by the Chief Justice of this court was to restrain the trial in the Circuit Court of Morgan County of the issues thus made in the equity suit in Marshall County, so as not to permit complainants in the Marshall County suit to circumvent their own equity suit by trying the same matters in defense of the suit at law in Morgan County.

As stated above, this appeal is from a decree overruling and denying appellants' motion to discharge the temporary injunction granted by the writer.

█ There was no irregularity in the order for the temporary injunction or the proceedings leading to it which justifies its discharge on such a motion as this. A motion to discharge only reaches an order improvidently made because of the failure to observe some legal requirement, or other irregularity which appears upon the face of the suit in which the order is made. Barnett v. State ex rel. Simpson, 235 Ala. 326 (5 and 6), 179 So. 208; Acker v. Green, 216 Ala. 445, 447(7), 113 So. 411; Riley v. Bradley, 252 Ala. 282(1), 41 So.2d 641; Sellers v. Valenzuella, 249 Ala. 620, 626(2), 32 So.2d 520; Patton v. Robison, 253 Ala. 248(9), 44 So.2d 254; Lukes v. Alabama Power Co., 257 Ala. 590(5), 60 So.2d 349.

In the case of Patton v. Robison, supra, a bill in equity sought specific performance of a contract to sell land to complainant and an injunction to restrain respondents from proceeding with an action to secure possession. A temporary injunction was issued and a motion made to discharge it on the ground that it was improvidently ordered for that it does not appear from the bill that any possessory action had been instituted against complainants at the time the writ was issued. The court in that case observed that the objection goes to the equity of the bill and cannot be reached by a motion to discharge.

█ So here, the question is not whether the bill shows a right to the equitable relief of an injunction against these appellants from maintaining in the court of law the same defensive matter which they seek to enforce in equity. Improvidence does not reach such a status. The contention here made by appellants goes to the right to the equitable relief sought, not to irregularities in the procedural machinery sometimes referred to as improvident. The procedure for testing the question is by a motion to dissolve the injunction, which may be based either on an absence of right to relief as shown by the bill as for want of equity in it, or on the denial in a sworn answer of the essential facts on which the injunction is sought.

On the issue made by the appellants to discharge the injunction, the trial court sustained appellee's objections to various items of evidence which they sought to introduce. These items of evidence were offered to show the extent of the appellee's

324

failure to disclose the full history of the litigation to the writer at the time the application was made to him for a temporary injunction.

From what we have said above, it is clear that this evidence was wholly immaterial on a motion to discharge the injunction, and the trial court did not commit error in sustaining objection to the proffered evidence. It follows that the refusal of the trial court to discharge the injunction issued by the writer was without error and it is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.