110 So.2d 911

**LAUDERDALE COUNTY BOARD OF EDUCATION et al.**

v.

**W. W. ALEXANDER et al.**

8 Div. 963.

Supreme Court of Alabama.

April 9, 1959.

E. B. Haltom, Jr., and Bradshaw & Barnett, Florence, for appellants.

**82**

Pounders & Wilson, Florence, for appellees.

MERRILL, Justice.

This appeal is from two decrees of the Law and Equity Court of Lauderdale County, in Equity. The first decree is an interlocutory decree overruling respondents' separate and several motions to dissolve the temporary injunction theretofore issued in the cause ex parte without hearing, and is appealed from by all the respondents. An appeal from this decree is allowed by Tit. 7, § 757, Code 1940, and was the method used in Corte v. State, 259 Ala. 536, 67 So.2d 782.

The second decree is an interlocutory decree rendered by the court overruling the demurrers of two of the seven respondents to the bill of complaint as a whole and to certain named aspects thereof, separately and severally, and the appeal is authorized by Tit. 7, § 755, Code 1940. This decree is appealed from by the Lauderdale County Board of Education and Allen Thornton, Superintendent of Education of Lauderdale County.

Since all the respondents demurred "separately and severally", the lower court could sustain the demurrer to some of the respondents and overrule it as to the others. There may be two or more decrees in a suit, each of which is final for the purposes of an appeal, Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228, and it is permissible for two of the seven respondent-appellants to appeal from the additional decree.

The original bill of complaint was brought by the twelve complainants against

the Lauderdale County Board of Education, Allen Thornton, Superintendent of Education, and five additional respondents. It alleges that the complainants are all owners of certain described real estate in Lauderdale County, Alabama, and that all complainants, except two, either reside on or have erected new and modern homes on these lands. The bill further alleges that prior to August, 1958, the residential section in which they reside had no manufacturing or industrial plants or businesses located therein, except the Florence Fairgrounds, and that the lands have been zoned by the City of Florence as a residential section and that in reliance on this classification, the complainants have built and purchased their homes. The bill avers further that since August 1, 1958, the respondents have commenced to build immediately behind or adjoining to their homes and properties a "County Barn", wherein the respondents seek to store school buses, coal supplies, school supplies, and establish a repair and maintenance shop for the Lauderdale County, Alabama, school system. It is further averred that respondents have possession and control of a certain tract of land for public school purposes, that the land is within the corporate limits of the City of Florence and that the respondents, on or about August 6, 1958, commenced erecting a fence around the lands. The bill of complaint then alleges "upon information and belief" that the "County Barn" is to consist of a storage area for 92 school buses, a large coal storage area to supply the county schools, and a large repair and maintenance shop for the purpose of maintaining the 92 buses. It is alleged that in the operation of such business, there will be constantly created noises of such a volume and character as to materially distress or cause discomfort to the complainants in their enjoyment and use of their properties as residences. It is averred that the value of complainants' property will be materially diminished.

It is further alleged that respondents had knowledge or notice of the injury or damage that such use of the property would cause to the complainants, that respondents were requested to relocate the "County Barn" and that, nevertheless, respondents have commenced to build. In addition, the bill avers that the business upon the premises will be ugly and unsightful, that unreasonable, intolerable, harsh, loud, constant and discomforting noises will occur, and that the business will detract from the desirability of the section as one in which to live and that if the conditions are allowed to continue, complainants will suffer irreparable injury. The bill further alleges the inadequacy of a remedy at law and prays for a temporary injunction restraining the respondents from constructing the "County Barn" or from extending or continuing the construction already begun on the premises, pending further orders of the court. In addition, there is a prayer that upon final hearing the court will adjudge and decree the business attempted to be placed on the land to constitute a nuisance and by proper decree abate it, and the bill concludes with a prayer for general relief.

On the same day the bill was filed, the court entered an order for the issuance of the temporary writ of injunction, as prayed for in the bill of complaint, upon complainants entering to a $1,500 injunction bond to be approved by the Register. The bond was filed, approved and the writ issued by the Register that same day. On September 10, 1958, respondents filed their separate and several motions to dissolve the temporary injunction, assigning as the sole grounds therefor that there was no equity in the bill of complaint. These motions to dissolve the temporary injunction are the proper procedural steps for testing the right of the complainants to the temporary injunction. Barran v. Roden, 263 Ala. 322, 82 So.2d 401. At the same time, respondents demurred separately and severally to the bill of complaint as a whole and to six-named aspects of the bill of complaint. No questions are here presented relating to these several aspects.

On September 26, 1958, the court entered the two decrees, as noted supra. The first decree overruled respondents' separate and several motions to dissolve the temporary injunction. The second decree sustained the demurrers of five of the respondents because of the failure of the bill to show that each of the five respondents was a proper party; but overruled the demurrers of the remaining two respondents, Lauderdale County Board of Education and Allen Thornton, Superintendent of Education. The general demurrers were properly overruled if the bill contains any equity. Long v. Monroe County Bank, 226 Ala. 26, 145 So. 471. The bill was later amended to show the five respondents to be proper parties.

Counsel for appellants concede that the issue they seek to raise on this appeal is whether equity is stated in the bill of complaint. If the bill is without equity, it will not support an injunction and the lower court, therefore, erred in overruling the various motions to dissolve the temporary injunction and in overruling the demurrers assigning as grounds that the bill contained no equity. Gibson v. Elba Exchange Bank, 264 Ala. 502, 88 So.2d 163; Williams v. Still, 263 Ala. 214, 82 So.2d 230, Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606. If, to the contrary, the bill does contain equity, we should affirm the two decrees of the court below, thus allowing the parties to plead further if they desire and the suit to proceed to a hearing and to the taking of evidence. This is in order that the court below may either vacate the temporary injunction should the proof and pleadings demand it, or enter an order for the issuance of a permanent writ of injunction should the complainants make out their case.

Before proceeding to a consideration of the allegations of the bill of complaint, we note that the general demurrers to the bill for want of equity under Equity Rule 14, Tit. 7, Appendix, Code 1940, test "defects in substance, and all proper amendments are considered to have been made," Terry v. Town of Hanceville, Ala., 109 So.2d 842, 844; Wood v. Burns, 222 Ala. 650, 133 So. 696, and that it is immaterial whether the nuisance is private or public in its character. Radney v. Town of Ashland, 199 Ala. 635, 75 So. 25, L.R.A. 1917E, 366.

Title 7, § 1081, Code 1940, provides:

"A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man."

This definition of a nuisance is declaratory of the common law and does not supersede it as to the other conditions and circumstances constituting a nuisance under common law. Duncan v. City of Tuscaloosa, 257 Ala. 574, 60 So.2d 438; Milton v. Maples, 235 Ala. 446, 179 So. 519. And as stated in 66 C.J.S. Nuisances § 13, " * * * There are some nuisances in which the act complained of may be wrongful, but constitutes a nuisance only by reason of its location; and there may be an act or condition that is rightful, or even necessary, but may become a nuisance by reason of its location. What might be a nuisance in one locality might not be so in another; and, conversely, what might not be a nuisance in one place may become a nuisance in another. Thus, business which might be perfectly proper in a business or manufacturing neighborhood may be a nuisance when carried on in a residential district; and, conversely, a business which with its incidents might well be considered a nuisance in a residential portion of a city or village may not be subject to complaint when conducted in a business or manufacturing locality."

The case of Jackson v. Downey, 252 Ala. 649, 42 So.2d 246, 247, is analogous and in

point. In that case, citizens of Birmingham in a residential area sought an injunction against members of the Park and Recreation Board of the City of Birmingham, the Superintendent of Parks and against the members individually, from the development of a portion of a city park into a baseball diamond for the purpose of playing night hard baseball games. The trial court sustained demurrers to the bill of complaint and the residents appealed. In reversing this decree, we said:

"This court has recognized a distinction between a case where the averred facts are to be tested by demurrer and where the right to the injunction is considered after answer and a hearing on the evidence. And if the bill makes proper allegations of fact to show that the contemplated construction or works by reason of its location or other circumstances and conditions prevailing will be a nuisance per accidens and result in peculiar and continuing or recurring injury to the complainant, it states a case for injunction. (Citing cases).

"So if the facts averred present such a situation that if proven equity will intervene to grant relief, the case should proceed to a hearing on the evidence for, * * * 'complainant cannot be prevented from alleging facts in his complaint [to show a case for relief], but many times circumstances and the lack of evidence prevent proof of the matters alleged therein.' * * * And if after such hearing it should appear that the threatened injury is uncertain or indefinite or the use of the project. only possible of injury—or that the public benefit is so largely to be served as to outweigh the inconveniences of the complainants as to render it imperious to locate the diamond at the designated place rather than elsewhere—then it would be proper to refuse the injunction, in limine, and await the future use of the project to determine, if desired by complain-ants, whether or not a nuisance is being maintained. * * * *"

In the case of Bloch v. McCown, 219 Ala. 656, 123 So. 213, 215, an injunction was sought to restrain the construction of a gasoline filling station and tire repair shop in a residential section on the ground that it would become a nuisance. The lower court sustained a demurrer to the bill of complaint and complainants appealed. In reversing and remanding, we said:

"It is suggested in the brief for defendant (appellee) that his place can only become a nuisance by reason of the future operation of his proposed business therein, and that complainant's application for relief is premature and should be deferred until such time as the court may be informed as to the manner in which defendant's business at the place in question will be conducted. This is to ignore the location and the court's common knowledge of the inevitable consequences to follow upon the conduct of the business which defendant proposes to carry on, however well conducted, not to mention the specific averments of the bill. And in this connection it was incumbent on complainant to consider whether, if he stood by, without protest or preventive action, and allowed defendant to construct his building, which, we may assume, would be peculiarly and expensively adapted to the conduct of the proposed business, he would then be estopped to deny defendant's right.

* * * * * *

"We have considered the case alleged in appellant's bill. The facts remain to be proved, though the bill may be aided to some extent by common knowledge. The court below will hear and determine the cause on the evidence to be adduced going to show the nature and situation of the properties involved, their contiguity, and every circumstance of environment. Gillette v. Tyson, 219 Ala. 511, 122 So. 830."

■ We have carefully considered the allegations of the bill of complaint in the instant case and think that they adequately set out a case for injunctive relief. The "location" of the lands in question is meticulously set out in the bill by descriptions not unlike those found in deeds of conveyance. Certainly the court below has a "common knowledge" of the "inevitable consequences" to follow upon the conduct of the business of servicing, maintaining and storing 92 school buses, and supplying the county schools with coal.

■ Some of these facts are averred "upon information and belief" and one of the contentions of counsel for appellants is that an averment on information and belief in such form has been held to be bad pleading, not putting the facts in issue. Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574, 578. Such an averment is bad. The correct form of averment is:

" 'The complainant has been informed and believes, and upon such information and belief charges the fact to be,' etc. Burgess v. Martin, 111 Ala. 656, 20 So. 506."

But, as noted supra, on an appeal from a decree overruling a general demurrer for want of equity, all proper amendments of procedural form are considered to have been made since the general demurrer tests only defects in substance. Wood v. Burns, supra; Terry v. Town of Hanceville, supra.

Appellants neither cite nor argue in brief such cases as City of Bessemer v. Abbott, 212 Ala. 472, 103 So. 446; Densmore v. City of Birmingham, 223 Ala. 210, 135 So. 320, and City of Bessemer v. Chambers, 242 Ala. 666, 8 So.2d 163, but concede in brief "that a county board of education, its members, and the county superintendent of education, can be restrained by injunctive process of a court of competent jurisdiction from constructing or managing and operating a nuisance to the hurt, inconvenience or annoyance of others even though such construction or such function is in furtherance of their statutory duties to maintain and promote the public educational system of the county." The last cited cases have no application to the instant case in its present status—that of the overruling of a demurrer to the bill, where the facts alleged must be treated as true. The distinction is aptly pointed out in the first paragraph quoted supra from Jackson v. Downey, 252 Ala. 649, 42 So.2d 246, which follows City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L.R.A.1918F, 1020. The bill in the instant case contains equity and the motions to dissolve the temporary injunctions were properly overruled.

■ The final question is whether a county board of education actively engaged in the pursuance of the construction of a "County Barn" is subject to a zoning ordinance of a municipal corporation. Appellants contend that the zoning ordinances of a municipal corporation cannot be enforced to prohibit them from constructing and operating the facility in question in the zoned residential district. We agree with this contention. The zoning ordinance in the instant case may, or may not, be evidence of the nature of the locality involved.

■ We have held that when a city is engaged in a proprietary business, it is subject to its own zoning regulations; but that when engaged in a governmental function, it is not subject to its own zoning regulations. Jefferson County v. City of Birmingham, 256 Ala. 436, 55 So.2d 196; Alabama Alcoholic Beverage Control Board v. City of Birmingham, 253 Ala. 402, 44 So. 2d 593. See 62 C.J.S. Municipal Corporations § 226(16) (c); 58 Am.Jur., Zoning, § 120. We have said that the county board of education is acting in a quasi-legislative capacity when it locates consolidated schools and provides for the transportation of pupils as a part of the system. Shores v. Elmore County Board of Education, 241 Ala. 464, 3 So.2d 14. If a city engaged in a governmental function is not subject to its own zoning regulations, certainly a county engaged in a governmental function is not subject to a city's zoning regulations. The construction and operation of a "Coun-

ty Barn" as heretofore described is a governmental function of a county board of education.

It, therefore, follows that the trial court correctly overruled the motion to dissolve the temporary injunction and the demurrer to the bill on the ground that there was no equity in the bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.