213 N.J. Super. 152 (1986)
516 A.2d 1126
THE MAYOR & COUNCIL OF THE TOWN OF KEARNY, HENRY J. HILL, ROLAND BOGGIO, GEORGE MC LAUGHLIN, RICHARD NAPRAWA, ROSEMARY ROBERTSON, KENNETH LINDENFELSER, BARBARA THOMPSON, DANIEL SANSONE & PETER MC INTYRE, INDIVIDUALLY AND AS RESIDENTS AND TAXPAYERS OF HUDSON COUNTY, PLAINTIFFS-APPELLANTS,
v.
EDWARD CLARK, HUDSON COUNTY EXECUTIVE, THE BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY, GERALDO MORALES AND LONNIE KILLINGSWORTH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1986.
Decided October 16, 1986.
*154 Before Judges ANTELL, LONG and D'ANNUNZIO.
Norman A. Doyle, Jr. argued the cause for appellants Mayor and Council of Kearny (Norman A. Doyle, Jr., attorney).
Arthur G. Williamson, Assistant County Counsel, argued the cause for Edward Clark, Hudson County Executive, The Board of Chosen Freeholders of Hudson County, (Joseph V. Kealy, Jr., Acting County Counsel, attorney).
Howard Moskowitz argued the cause for Intervenors-Respondents Morales and Killingsworth (Howard Moskowitz, attorney).
The opinion of the court was delivered by ANTELL, P.J.A.D.
Plaintiffs brought this action against the Hudson County Executive and Board of Freeholders seeking to enjoin them from purchasing land in Kearny for the purpose of constructing a jail thereon. Plaintiffs allege that the presence of a jail on the site in question would violate Kearny's zoning ordinance, that the county's proposed action violates the provisions of the County Correctional Policy Act of 1982, N.J.S.A. 30:8-16.3 et seq., and that defendants' selection of a site for the jail was arbitrary and capricious. The Law Division, in three separate rulings, concluded that the county was not subject to local zoning requirements, that any violations of the County Correctional Policy Act should not bar the county from acquiring the property, that the county was in substantial compliance with the Act, and that the county's choice of a site for the construction of a jail was not arbitrary and capricious. Plaintiffs appeal, contending that the foregoing rulings were in error. Defendants do not dispute that if the county were subject to *155 municipal zoning regulations a variance would be required for the construction of a jail on the site in question.
It is generally held that state agencies are not subject to municipal zoning regulations. Berger v. State, 71 N.J. 206, 218 (1976); Rutgers v. Piluso, 60 N.J. 142, 150 (1972). See generally 2 Anderson, American Law of Zoning 2d, § 12.06 (1976); 8 McQuillin, Municipal Corporations, § 25.15 (3d Ed. 1983). A county "is an agency of the State to administer state power and authority." Godfrey v. McGann, 37 N.J. 28, 34 (1962); Bergen County v. Port of New York Authority, 32 N.J. 303, 312 (1960).
In Aviation Services v. Bd. of Adjustment of Hanover Tp., 20 N.J. 275 (1956) the Supreme Court identified the county as a superior sovereign and stated that
[W]here the immunity from local zoning regulation is claimed by any agency or authority which occupies a superior position in the governmental hierarchy, the presumption is that such immunity was intended in the absence of express statutory language to the contrary. [Id. at 282].
See generally, Note, Governmental Immunity From Local Zoning Ordinances, 84 Harv.L.Rev. 869, 877-879 (1971). The Court's identification of the county in Aviation Services as a governmental unit superior to the municipal unit was based upon its decision in Hill v. Borough of Collingswood, 9 N.J. 369 (1952), wherein it was held that the Camden County Park Commission was not subject to the zoning regulations of the Borough of Collingswood even though the county park was located within the municipal boundaries.
The view that a county is presumably immune from local zoning ordinances is not absolute. See Tp. Com., Denville v. Bd. of Ed., Morris County, 59 N.J. 143 (1971) where the court held that county vocational schools are subject to local zoning. Moreover, in Rutgers v. Piluso, supra, the court stated that it did not read Aviation Services v. Bd. of Adjustment of Hanover Tp., supra, "to be a commitment that immunity must be granted whenever that superiority exists." 60 N.J. at 152, n. 4.
*156 New Jersey now rejects any hard and fast rule in determining whether a governmental agency is immune from local zoning regulations. Instead, the test "is basically one of legislative intent  i.e., whether the Legislature intended the particular governmental unit to be immune with respect to the particular enterprise." Berger v. State, supra, 71 N.J. at 218; Rutgers v. Piluso, supra, 60 N.J. at 152; 8 McQuillin, supra, at 41. In Rutgers v. Piluso, supra, the court noted that "[t]hat intent, rarely specifically expressed, is to be divined from a consideration of many factors, with a value judgment reached on an overall evaluation." 60 N.J. at 152 (footnote omitted). Included among those factors are:
the nature and scope of the instrumentality seeking immunity, the kind of function or land use involved, the extent of the public interest to be served thereby, the effect local land use regulation would have upon the enterprise concerned and the impact upon legitimate local interests. [Id. at 153].
The court noted that no one factor is necessarily controlling. Ibid. In some cases, one factor may be more significant and "completely overshadow all others." Ibid. Moreover, there are instances "where the broader public interest is so important that immunity must be granted even though the local interests may be great." Ibid.
Prior to the emergence of the test of legislative intent our Supreme Court almost uniformly found in favor of governmental immunity. See, e.g., Washington Tp. v. Village of Ridgewood, 26 N.J. 578 (1958) (Municipality of Ridgewood held immune from zoning ordinance restrictions of Ho-Ho-Kus in locating water storage tank on residential lands in Ho-Ho-Kus); Aviation Services v. Bd. of Adjustment of Hanover Tp., supra, (Hanover Township's zoning ordinance held inapplicable to Morristown's Municipal Airport established in Hanover); Town of Bloomfield v. N.J. Highway Authority, 18 N.J. 237 (1955) (State Highway Authority not subject to local zoning requirements of Bloomfield in construction of restaurants and gas stations along Garden State Parkway); Hill v. Borough of Collingswood, supra, (County Park Commission held immune from municipal zoning regulation permitting only residential *157 uses in park area); contra, Tp. Com., Denville v. Bd. of Ed., Morris County, supra, (County vocational schools held subject to local zoning regulations).
Utilizing the test of legislative intent since Rutgers v. Piluso, supra, our courts have continued to hold that the particular governmental agency in question was immune from local zoning requirements. See, e.g., Berger v. State, supra, (State Department of Institutions and Agencies not subject to local zoning ordinance in locating a group home for disabled pre-school children); Rutgers v. Piluso, supra, (Rutgers University immune from Piscataway's zoning requirements in constructing housing for student families); Pemberton Tp. v. State, 178 N.J. Super. 346 (App.Div. 1981) certif. den. 87 N.J. 364 (1981) (Department of Corrections not subject to local zoning ordinance in creating group home for juvenile delinquents); Long Branch Division, Etc. v. Cowan, 119 N.J. Super. 306 (App.Div. 1981), certif. den. 62 N.J. 86 (1972) (Department of Health not subject to local zoning in establishing a residential drug rehabilitation center).
Applying the criteria of Rutgers v. Piluso we conclude that the county is not subject to Kearny's zoning requirements with respect to the construction of a jail facility. County officials are vested with the authority to take over custody of county jails. N.J.S.A. 30:8-19. Under the County Correctional Policy Act of 1982 the county retains authority for the implementation and operation of county correctional facilities. N.J.S.A. 30:8-16.8. It is implicit therein that the legislature intended county officials to have the discretionary power of deciding where to locate a county jail.
Moreover, there is an overriding public interest favoring the proposed construction. Conditions in the present Hudson County Jail facility were judicially found to be so "intolerable and shocking to the conscience" that incarceration therein was held to constitute cruel and unusual punishment within the meaning *158 of the federal constitution. As a result the county is under a court order to undertake the construction of a new facility.
If the construction of a county jail was dependent upon local land use regulation it is difficult to conceive of where such a project could find a welcome. The legislature could not have intended such a result and we therefore conclude that it intended the county to be immune from such regulation.
Plaintiffs next contend that the county should not be permitted to construct a jail on the site in question because it failed to comply strictly with the provisions of the County Correctional Policy Act of 1982, N.J.S.A. 30:8-16.3 et seq. Specifically, plaintiffs claim that the county failed to establish a 12 member County Corrections Advisory Board and failed to develop a comprehensive plan for operating correctional services in accordance with the mandate of N.J.S.A. 30:8-16.7. We need not decide whether in fact there has been compliance with the statute since, in our view, these facts would be relevant only to the question of whether the county is eligible for State financial assistance under the Act. They have no bearing upon the county's right to acquire the land for the purpose of construction.
We consider plaintiffs' contention that the construction site was selected arbitrarily and capriciously. In Rutgers v. Piluso, supra, the Supreme Court stated that even where immunity exists it may not be exercised in an arbitrary and capricious manner. The finding of the Law Division that the county's choice was not arbitrary and capricious must be upheld if it is based on sufficient credible evidence in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974).
As the Law Division judge explained in his findings and conclusions, much of the plaintiffs' testimony was contradicted by the defendants' testimony. For example, the witnesses who appeared for the county disagreed with plaintiffs' witnesses who stated that construction of the jail would have an adverse impact on the immediate area. They also refuted the notion *159 that the jail should not be constructed in an industrial area. One witness, an expert in the design of correctional facilities, even stated that the Atlantic County Jail was constructed in an industrial park. Plaintiffs' contention that another site would have been a better choice is beside the point. The county was not obliged to select what others may perceive to be the best site; it was only required to make its choice in a rational manner.
The fact that Kearny is under a 1970 court order barring further sewer connections was discounted by the Law Division because the Western Electric plant which then employed 18,000 people is no longer in operation. Although Kearny's witnesses testified that the soil was contaminated and that the sewers were inadequate, they did not opine that the site should not be developed. To the contrary, they stated that it should be developed industrially. We reason that if the environmental conditions could be brought under control for industrial development, they could also be controlled for the construction of a jail.
Plaintiffs argue that defendants failed to comply with the "local consultation requirement" articulated in Rutgers v. Piluso, supra. The court there stated the following:
And, at the very least, even if the proposed action of the immune governmental instrumentality does not reach the unreasonable stage for any sufficient reason, the instrumentality ought to consult with the local authorities and sympathetically listen and give every consideration to local objections, problems and suggestions in order to minimize the conflict as much as possible. See Town of Bloomfield v. New Jersey Highway Authority, supra, (18 N.J. [237] at 248). [60 N.J. at 154].
Plaintiffs apparently construe the foregoing comment to imply that the county was required to apply for a use variance. In Rutgers v. Piluso, supra, Rutgers University first applied for a variance to construct student family housing. When the application was rejected it then filed suit alleging immunity from local zoning restrictions. Id. at 147. In finding that the university acted reasonably, the court merely noted that the university consulted with local officials by presenting its proposal *160 to local authorities by its variance application. However the court did not state that a variance application was the only acceptable means of consultation.
In the present matter, the County Executive testified that he consulted with several Kearny officials prior to bidding on the property. He stated that the decision to bid was not made by the county prior to that consultation and he noted that the decision could have been set aside. He further stated that he spoke individually to the Mayor of Kearny and several Kearny councilmen before meetings of the Board of Freeholders. According to the County Executive, Kearny officials appeared before the Board of Freeholders on several occasions to express their objections to the project.
The fact that county officials did not appear before the Local Planning Board does not establish that the county acted unreasonably. The County Executive and Board of Freeholders apparently listened to local objections and considered them. Rutgers v. Piluso, supra, requires nothing more.
In Berger v. State, supra, plaintiffs contended that "the failure of the State to consider the objections of the community prior to establishing Graewill [the group home] illustrates its unreasonableness." 71 N.J. at 219. Rejecting that argument the Supreme Court stated:
The fact that many of the residents voiced opposition to Graewill House does not, in and of itself, mean that the State acted unreasonably in proceeding with its plans. Rather, the reasonableness of its action must be evaluated in terms of the effect Graewill has on the surrounding area. We find nothing to convince us that Graewill has such a detrimental effect as to warrant judicial interference, and have no difficulty in concluding that the State, acting reasonably, is immune from the Mantoloking zoning provisions restricting single family dwellings to persons related by blood, marriage or adoption. [71 N.J. at 220].
Similarly, the fact that Kearny officials voiced their opposition does not establish that the county acted unreasonably. Evaluating the reasonableness of the county's determination in terms of the effect the jail will have on the surrounding area, *161 there is little reason to conclude that construction will have such an adverse impact as to warrant judicial interference.
We find adequate substantial and credible evidence to support the findings of the Law Division that defendants did not act arbitrarily and capriciously in selecting the proposed site for the jail facility.
Affirmed.