581 A.2d 822

**Elizabeth W. GLASCOCK**

**v.**

**BALTIMORE COUNTY, MARYLAND.**

**No. 19, Sept. Term, 1990.**

Court of Appeals of Maryland.

Nov. 7, 1990.

John C. Murphy, Baltimore, for petitioner.

Nancy C. West, Asst. County Atty., and Arnold Jablon, County Atty., Towson, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

MURPHY, Chief Judge.

The question presented is whether Baltimore County, Maryland, a charter county under Article XI–A of the Maryland Constitution, is subject to its own zoning regula-

tions in its use of leased land for a communication tower for its police, fire, and emergency services.

## I.

The County is the lessee of land, owned by a volunteer fire company in an RC–2 (Resource Conservation) zone.[1] A communication tower is a permitted use in this zone by special exception. The County constructed a 620 foot wireless tower on this property as part of a countywide technologically advanced governmental communication system. Believing that it was not subject to its own zoning regulations, the County did not apply for a special exception to use the property for this purpose. An adjacent property owner challenged the right of the County to use the property to erect the communication tower unless it obtained a special exception.

The Deputy Zoning Commissioner, after a hearing, agreed with the County's position. The County Board of Appeals affirmed, concluding that the County was exempt from its own zoning regulations. It said:

> "The general trend is that the municipality has immunity from [its] zoning laws where the use is important in carrying out a governmental function. Based on the testimony at this hearing, the Board finds that nothing could be more important than the potential savings of a life of a police officer or a fire fighter."

On appeal, the Circuit Court for Baltimore County (Brennan, J.) affirmed the order of the County Board of Appeals. The Court of Special Appeals, in affirming the circuit court in an unreported opinion, held that the County "received its immunity status from the State's sovereignty and because it is acting on behalf of the State, *i.e.,* in a governmental capacity, Baltimore County is entitled to exemption from its own zoning regulations." We granted certiorari to consider the important issue raised in the case.

---

**1.** The County's lease is for twenty-five years, renewable for two additional twenty-five year terms.

## II.

In *Mayor and City Council of Baltimore v. State,* 281 Md. 217, 378 A.2d 1326 (1977), Baltimore City claimed that the State was required to comply with the City's zoning ordinance when using land for a public works project. We noted that the City's zoning powers were granted to it by public general law enacted by the General Assembly, which "neither specifically provides nor clearly implies that the State is intended to be subject to its provisions." 281 Md. at 223, 378 A.2d 1326. In this regard, we said that "it is a basic long-standing principle of statutory construction that the State is not deemed to be bound by an enactment of the General Assembly unless the enactment specifically names the State or manifests a clear and indisputable intention that the State is to be bound." *Id.* From *State v. Milburn,* 9 Gill 105, at 118 (1850), we quoted Mr. Justice Story thusly:

" '[G]eneral acts of the legislature are meant to regulate and direct the acts and rights of citizens, and in most cases, the reasoning applicable to them applies with very different, and often contrary force, to the government itself. It appears to me, therefore, to be a safe rule, founded in the principles of the common law, that the general words of a statute ought not to include the government, or affect its rights, unless that construction be clear and indisputable upon the text of the act.' "

Because the General Assembly neither named the State nor manifested an intention that it be bound by the provisions of the enabling act which granted zoning authority to the City, we concluded that the City was without power to subject the State's use of the property to its zoning ordinance.

Maryland Code (1987 Repl.Vol.), Article 25A, § 5(X), which grants Baltimore County its authority to enact a zoning ordinance, neither specifically provides, nor clearly implies, that the County is subject to the requirements of its own zoning ordinance and regulation. That statute (a part of the Express Powers Act governing home rule counties) provides in subsection (X)(2)(i) that it is "the policy of this

State that the orderly development and use of land and structures requires comprehensive regulation through implementation of planning and zoning controls"; and subsection (ii) thereof specifies that "zoning controls shall be implemented by local government."

In *Board v. Harker*, 316 Md. 683, 561 A.2d 219 (1989), involving exemptions from Baltimore County's zoning regulations, we said that the State's exemption from these regulations under our holding in *City of Baltimore v. State, supra* "extends to the State's agencies and instrumentalities." 316 Md. at 693, 561 A.2d 219. A county is one of the public territorial divisions of the state, created and organized for public political purposes connected with the administration of state government, and specially charged with the administration and superintendence of the local affairs of the community. *Claus v. Board of Education*, 181 Md. 513, 30 A.2d 779 (1943); *Talbot County Comm'rs v. Queen Anne's County Comm'rs*, 50 Md. 245 (1849). *See also Maryland Committee v. Tawes*, 229 Md. 406, 184 A.2d 715, *rev'd on other grounds*, 377 U.S. 656, 84 S.Ct. 1429, 12 L.Ed.2d 595 (1964). The counties of Maryland are "mere instruments of government, appointed to aid in the administration of public affairs, and are parts of the State." *Howard County v. Matthews*, 146 Md. 553, 561, 127 A. 118 (1924). Nothing in Article 25A, § 5(X), or in the Baltimore County Zoning ordinance or regulations, even remotely suggests an intention that the County be subject to its own zoning laws. Accordingly, as a matter of statutory construction, our holding in *City of Baltimore v. State, supra*, extends to Baltimore County.

Our determination that Baltimore County is not subject to its own zoning regulations is consistent with the holdings of courts in a number of states. In *Nehbras v. Village of Lloyd Harbor*, 2 N.Y.2d 190, 140 N.Ed.2d, 241, 242, 159 N.Y.S.2d 145, 146 (1957), the New York Court of Appeals set forth the reasons for this rule:

"In the very nature of things, a municipality must have the power to select the site of buildings or other structures for the performance of its governmental duties."

In *Kedroff v. Town of Springfield,* 127 Vt. 624, 256 A.2d 457 (1969), the Supreme Court of Vermont, citing *Nehbras, supra,* held that a municipality is not subject to zoning restrictions in the performance of its governmental activities. In its analysis, the court determined that "[f]or the purposes of public duties the municipalities are merely convenient instrumentalities of the State." *Id.* 256 A.2d at 461.

In *McGrath v. City of Manchester,* 113 N.H. 355, 307 A.2d 830, 831 (1973), the New Hampshire Supreme Court, also citing *Nehbras, supra,* adopted the majority rule "that a city is not bound by its own zoning ordinance in the performance of its governmental functions absent any statutory provisions to the contrary." *See also Edelen v. Nelson County,* 723 S.W.2d 887 (Ky.App.1987) (city or county is instrumentality of state government and, as such, is immune from complying with zoning regulations); *Town of Kearny v. Clark,* 213 N.J.Super. 152, 516 A.2d 1126 (1986) (a county "is an agency of State" and it is generally held that state agencies are not subject to municipal zoning regulations); *Lauderdale County Board of Education v. Alexander,* 269 Ala. 79, 110 So.2d 911 (1959); *A.I.A. Mobile Home Park, Inc. v. Brevard County,* 246 So.2d 126 (Fla. 1971). The rule is well stated in 8 McQuillan *Municipal Corporations* § 25.15 (3rd ed. 1983):

"Municipal zoning regulations or restrictions usually do not apply to the State or any of its subdivisions or agencies, unless the legislature has clearly manifested a contrary intent. Thus, properties and the uses thereof may be immune or exempt from the operation of municipal zoning regulations where owned or controlled by counties, school districts or boards, park districts or like bodies, or by other agencies or subdivisions of the state."

A contrary view was espoused in *Clarke v. Town of Estes Park,* 686 P.2d 777 (Colo.1984), where the court held that

unless a municipal zoning ordinance specifically exempted the municipality, it was not exempt. We are unpersuaded by this minority holding.

Nor does *City of Annapolis v. Anne Arundel County*, 271 Md. 265, 316 A.2d 807 (1974), mandate a different result. Our holding in that case that the County was required to comply with the city's historical zoning provisions was premised on an enactment of the General Assembly manifesting a clear intention "that the political subdivision owning land within a historic district be subject to the jurisdiction of the Historic Area Commission." *Id.* at 291, 316 A.2d 807. As we have said in the present case, there is no intention manifested by the General Assembly, or by Baltimore County itself, that it be subject to its own zoning ordinances.

Finally, we have considered, but find no merit in the argument of the objecting property owner, that because the Baltimore County zoning regulations include public uses, including communication towers, that the County is thereby subject to its own zoning law. As we have said, the County is not bound by its own zoning regulations unless it is so provided in the state enabling law or in the zoning ordinance itself. In this regard, there is no clear and indisputable intention that the County be so bound and, accordingly, it was not obliged to obtain a special exception to locate the communication tower on its leased property.

JUDGMENT AFFIRMED, WITH COSTS.