This is a zoning case concerning the location of a public school within the city limits of the City of Guntersville. The relevant procedural history and facts are as follows. The City of Guntersville has enacted a zoning ordinance that allows the Board of Adjustment for the City of Guntersville ("the Zoning Board") to grant a "special exception use" in a district designated as "R-2 (single-family residential district)" for certain public and semi-public uses, including public schools. In April 2004, the Board of Education for the City of Guntersville ("the Board of Education") made a written request for a special exception *Page 131 
to the city's zoning ordinance for the construction of a new middle school to be located upon real property situated in a residentially zoned district designated as an R-2 district. The Board of Education owned the land on which the public school was to be constructed.
At its April 20, 2004, meeting, the Zoning Board held a public hearing concerning the Board of Education's request for the special exception. After the Board of Education presented its request, certain residents who owned property in the area surrounding the proposed school site objected to the Board of Education's request for the special exception; those residents included the appellants in the present appeal — namely, Walter J. Alves, Sarah R. Brookshire, Dorothy M. Wagner, John C. Ellingboe, Mary A. Higginbotham, Joy A. Cranford, David J. Barrow, and Ann A. Barrow (hereinafter collectively referred to as "the residents"). At the close of the April 20, 2004, meeting, the Zoning Board granted the Board of Education's request for the special exception. The Zoning Board recorded its decision in the minutes for the April 20, 2004, meeting and also entered a separate written decision on April 21, 2004.
The residents appealed the decision of the Zoning Board to the Marshall Circuit Court ("the trial court") pursuant to §11-52-81, Ala. Code 1975. Upon a motion of the Board of Education, the trial court permitted it to intervene in the appeal. The Board of Education filed an "answer" to the residents' appeal asserting, among other defenses, that "the appeal fails to state a claim upon which relief can be granted."
Thereafter, the Board of Education filed what it entitled a "motion for [a] summary judgment" on November 15, 2004. In its brief in support of that motion, the Board of Education argued, among other things, that it was engaging in a governmental function in choosing the location for the public school and that, therefore, the Zoning Board did not possess the authority to enforce the city's zoning ordinance to prevent the Board of Education from constructing the school at the proposed site. The Board of Education requested that the trial court dismiss the residents' appeal for lack of subject-matter jurisdiction because, it argued, the Zoning Board had lacked subject-matter jurisdiction with regard to the proceedings before it. The residents responded by asserting, among other things, that the Board of Education's choice of the location for the public school was not exempt from the city's zoning ordinance because, they argued, § 16-11-12, Ala. Code 1975 (which grants city boards of education the authority to make decisions regarding public schools within their cities)[1] does not specifically provide for such an exemption. The residents also argued that the city had the authority to enact zoning ordinances regarding the location *Page 132 
for public schools pursuant to its general zoning powers under §11-52-70, Ala. Code 1975 (which grants municipalities the authority to enact zoning ordinances within their corporate limits).[2] In their response to the Board of Education's November 15, 2004, motion, the residents made other arguments not relevant to the disposition of this appeal.
The record indicates that the trial court heard oral arguments regarding the parties' respective positions. On December 13, 2004, the trial court entered a judgment dismissing the residents' appeal pursuant to Rule 12(b)(1) and (6), Ala. R. Civ. P. In its judgment, the trial court determined, in relevant part, that the Board of Education was engaging in a governmental function in choosing the location for the public school and that, therefore, the Zoning Board had lacked jurisdiction over the subject matter of the proceedings before it. Therefore, the trial court concluded, there was no justiciable controversy before it and it dismissed the appeal. The residents timely appealed to the supreme court. The supreme court transferred this case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
In dismissing the residents' appeal, the trial court essentially treated the Board of Education's November 15, 2004, "motion for [a] summary judgment" as motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), and a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). It is well established that the substance of a motion and not its nomenclature is controlling; the relief sought in a motion determines how to treat the motion. Ex parte Lang, 500 So.2d 3 (Ala. 1986); andCampbell v. Campbell, 718 So.2d 76 (Ala.Civ.App. 1998).
 "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleaders['] favor, it appears that [they] could prove any set of circumstances that would entitle [them] to relief. In making this determination, this Court does not consider whether the plaintiff[s] will ultimately prevail, but only whether [they] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of the claim that would entitle the plaintiff[s] to relief."
Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993) (citations omitted).
The dispositive issue in this appeal is whether the Zoning Board has the authority to enforce the city's zoning ordinance against the Board of Education regarding the Board of Education's choice of the location for the public school. The parties make substantially the same arguments to this court as they did to the trial court.
Pursuant to § 11-52-80(d)(2), Ala. Code 1975, a zoning board of adjustment is authorized "[t]o hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass *Page 133 
under such ordinance." However, in order for a zoning board of adjustment to possess the authority to consider such special-exception requests, the zoning board of adjustment must first have subject-matter jurisdiction over the proceedings before it. See discussion, infra.
"A function is a governmental function if it is the means by which the governing entity exercises the sovereign power for the benefit of all citizens." Lane v. Zoning Bd. of Adjustment ofTalladega, 669 So.2d 958, 959-60 (Ala.Civ.App. 1995) (citingHilliard v. City of Huntsville, 585 So.2d 889, 890 (Ala. 1991)). A public body, such as, in the instant case, a city board of education,[3] engaging in a governmental function, as opposed to a propriety function, is not subject to a city's zoning ordinances. City of Birmingham v. Scogin, 269 Ala. 679,691, 115 So.2d 505, 514 (1959) (citing Lauderdale County Bd. ofEduc. v. Alexander, 269 Ala. 79, 110 So.2d 911 (1959); AlabamaAlcoholic Beverage Control Bd. v. City of Birmingham,253 Ala. 402, 44 So.2d 593 (1950); and Water Works Bd. of Birmingham v.Stephens, 262 Ala. 203, 78 So.2d 267 (1955)); see alsoCunningham v. City of Attalla, 918 So.2d 119 (Ala.Civ.App. 2005); and Lane v. Zoning Bd. of Adjustment of Talladega,669 So.2d at 959.
The appellate courts of this state have held that a municipality's zoning ordinances apply to a public body's choice for the location of a public building or facility in instances where the public body was engaging in a proprietary rather than a governmental function. See, e.g., Water Works Bd. of Birminghamv. Stephens, 262 Ala. at 208-09, 78 So.2d at 272 (holding that a city's water works board's proposal to construct and operate a water tank was subject to the city's zoning ordinance because supplying water service to the public for compensation was a propriety function); and Jefferson County v. City ofBirmingham, 256 Ala. 436, 55 So.2d 196 (1951) (holding that a county's proposal to construct and operate a sewage-disposal plant was subject to the city's zoning ordinance because the operation of such a facility was a propriety function).
In Lauderdale County Board of Education v. Alexander, supra, our supreme court concluded that the construction and operation of a "county barn" by a county school board to serve as a storage and maintenance facility of the county school board was a governmental function and, therefore, was not subject to the city's zoning ordinance. 269 Ala. at 86-87, 110 So.2d at 917-18. Recently in Cunningham v. City of Attalla, supra, this court applied the governmental/proprietary-function distinction in holding that a warehouse owned by a city to store equipment and supplies for the city served a governmental function and, therefore, that the city's construction and operation of that facility were not subject to the city's zoning regulations. See918 So.2d at 123-25, for a detailed discussion of LauderdaleCounty Board of Education v. Alexander, supra, and a summary of the governmental/proprietary-function distinction under Alabama law.
Based on the authority of Lauderdale County Board ofEducation, supra, we hold that the Board of Education's choice of the location for the public school is a governmental function. Accordingly, we must conclude that the Zoning Board does not possess the authority to enforce *Page 134 
the city's zoning ordinance against the Board of Education regarding the Board of Education's choice of location for the public school. City of Birmingham v. Scogin, supra.[4]
Next, the residents contend that, based on the facts of this case, the Board of Education should be judicially estopped from asserting that its choice for the location of the public school is not subject to the city's zoning ordinance. However, jurisdiction over the subject matter of a proceeding cannot be conferred by estoppel. In re Nelson, 528 So.2d 870, 871
(Ala.Civ.App. 1988).
In the instant case, the residents appealed the decision of the Zoning Board to the trial court. However, we have concluded that the Zoning Board does not possess the authority to enforce the city's zoning ordinance against the Board of Education regarding the Board of Education's choice of the location for the public school; therefore, we conclude that the Zoning Board did not have subject-matter jurisdiction over the proceedings before it. A judgment entered by a tribunal that lacks subject-matter jurisdiction is void. See C.J.L. v. M.W.B., 868 So.2d 451, 454
(Ala.Civ.App. 2003); see also J.B. v. A.B., 888 So.2d 528
(Ala.Civ.App. 2004). Thus, the Zoning Board's decision to grant the Board of Education's request for a special exception to the city's zoning ordinance is void. See C.J.L., supra. "A void judgment will not support an appeal." Carter v. Hilliard,838 So.2d 1062, 1064 (Ala.Civ.App. 2002) (citing Jones v. Sears,Roebuck Co., 342 So.2d 16, 17 (Ala. 1977)). Judgments entered without subject-matter jurisdiction can "be set aside at any time as void, either on direct or on collateral attack."International Longshoremen's Ass'n v. Davis, 470 So.2d 1215,1217 (Ala. 1985), aff'd, 476 U.S. 380, 106 S.Ct. 1904,90 L.Ed.2d 389 (1986). In Sustainable Forests, L.L.C. v. Alabama PowerCo., 805 So.2d 681 (Ala. 2001), our supreme court stated:
 "`"Unless the trial court has before it a justiciable controversy, it lacks subject matter jurisdiction and any judgment entered by it is void ab initio." Ex parte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala. 1998) (citing Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala. 1994); Luken v. BancBoston Mortg. Corp., 580 So.2d 578 (Ala. 1991); Wallace v. Burleson, 361 So.2d 554, 555-56 (Ala. 1978)).'"
805 So.2d at 683 (quoting Hunt Transition Inaugural Fund, Inc.v. Grenier, 782 So.2d 270, 272 (Ala. 2000)). The trial court did not err in dismissing the residents' appeal, and the trial court's judgment is due to be affirmed.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] Section 16-11-12, Ala. Code 1975, provides:
 "The city board of education shall have the full and exclusive rights within the revenue appropriated for such purposes, or accruing to the use of the public schools, to purchase real estate, furniture, appropriated libraries, fuel and supplies for the use of the schools, and to sell the same, and to make expenditures for the maintenance and repairs of the school grounds, buildings and other property, to establish and build new schools, to superintend the erection thereof, to purchase sites therefor, to make additions, alterations and repairs to the building and other property erected for school uses, and to make necessary and proper notes, contracts and agreements in relation to such matters. All such contracts shall inure to the benefit of the public schools, and any action brought upon them and for the recovery and protection of money and property belonging to and used by the public schools, or for damages, shall be brought by and in the name of the city."
[2] Section 11-52-70, Ala. Code 1975, provides:
 "Each municipal corporation in the State of Alabama may divide the territory within its corporate limits into business, industrial and residential zones or districts and may provide the kind, character and use of structures and improvements that may be erected or made within the several zones or districts established and may, from time to time, rearrange or alter the boundaries of such zones or districts and may also adopt such ordinances as necessary to carry into effect and make effective the provisions of this article."
[3] City boards of education are authorized pursuant to §16-11-1 et seq., Ala. Code 1975. They are agencies of the state empowered to administer public education within the cities; they are not subdivisions or agencies of local municipal governments.Enterprise City Bd. of Educ. v. Miller, 348 So.2d 782, 783
(Ala. 1977).
[4] The residents also make arguments citing § 11-42-181, Ala. Code 1975, § 11-47-13, Ala. Code 1975, and § 11-52-72, Ala. Code 1975, as additional support for their assertions on appeal. However, the residents did not make those arguments to the trial court. The law is well settled that this court will not consider an argument for the first time on appeal. Andrews v.Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992). This court "will not hold a trial court to be in error unless that court has been apprised of its alleged error and has been given the opportunity to act thereon." Sea Calm Shipping Co. v. Cooks,565 So.2d 212, 216 (Ala. 1990). *Page 135