The plaintiffs, William J. Withers and Victoria G. Withers, appeal from summary judgments granted in favor of the defendants Mobile Gas Service Corporation and Ruffin Graham.
On June 6, 1988, the plaintiffs granted the Mobile Gas Service Corporation (hereinafter referred to as "Mobile Gas") a right-of-way easement "to construct, lay, maintain, operate, alter, repair, replace, change the size of, remove and abandon a pipeline or pipelines and appurtenances thereto, including, but not limited to, fittings, tie-overs, valves and cathodic protection facilities" on the plaintiffs' property near Fowl River in Mobile County. The document also provided for a 20-foot temporary easement parallel to the first easement and further provided that the pipeline be buried at least 30 inches below the ground. Defendant Ruffin Graham was the employee of Gaylord Lyon Company, an independent contractor used by Mobile Gas to negotiate right-of-way agreements with landowners in the area where the pipeline was to be installed. Graham negotiated with the Witherses for the easement in question.
This controversy arose when Mobile Gas proposed installing an above-ground block valve on the pipeline within the Witherses' easement area. The device was 7 feet high by 12 feet long by 4 inches wide. The plaintiffs filed suit against Mobile Gas on September 29, 1988, seeking in count 1 a judgment declaring that Mobile Gas was not entitled to install the block valve on the land subject to the easement and a permanent injunction prohibiting Mobile Gas from installing the block valve. The plaintiffs also sought a temporary restraining order or a preliminary injunction enjoining Mobile Gas from installing the block valve. Injunctive relief was denied. In count 2 of the complaint, the plaintiffs sought damages for alleged fraudulent representations by Mobile Gas that no part of the pipeline would be above the soil. In count 3, the plaintiffs sought a cancellation of the easement deed. In count 4, the plaintiffs sought $25,000 in damages for injuries and loss allegedly caused when Mobile Gas entered on their property and operated machinery and placed construction tools and pipe beyond the 20-foot temporary easement.
On March 7, 1989, the plaintiffs filed an amended complaint. Count 5 of this amended complaint added Ruffin Graham as a defendant and alleged that Graham and Mobile Gas had had a duty to tell the plaintiffs that the block valve would be placed on their property. The plaintiffs sought $250,000 because of the alleged negligence of the defendants in failing to communicate this fact, claiming a loss of property value and claiming mental anguish resulting from the alleged danger posed by the block valve. In count 6 of the amended complaint, the plaintiffs sought damages for Mobile Gas's alleged negligent supervision of Ruffin Graham in failing to adequately advise him of the placement of the block valve.
On July 13, 1989, the Mobile County Circuit Court entered a summary judgment for Mobile Gas, and made that judgment final pursuant to A.R.Civ.P. 54(b). The court also entered a summary judgment in favor of Ruffin Graham, and made that judgment final pursuant to A.R.Civ.P. 54(b).
Appellee Ruffin Graham has filed a motion with this Court to strike and exclude from our consideration, with respect to claims made against him, the deposition testimony of George Morris Yon, Maurice McIntyre, and Jimmie L. Butler. This motion is based upon the ground that the depositions were taken before Graham was made a party to the suit. The appellants do not object to the exclusion of this testimony as to Graham. We find that this testimony should be excluded in accord with A.R.Civ.P. 32(a), because at the time of the taking of these depositions Ruffin Graham was not a "party who was present or represented at the taking of the deposition or who had reasonable notice thereof."
The Witherses argue on appeal that genuine issues of material fact exist as to (1) whether the defendants committed fraud against them, (2) whether Mobile Gas negligently supervised Ruffin Graham, (3) *Page 255 
whether Graham negligently failed to advise them of the location of the block valve, (4) whether they are entitled to declaratory relief, and (5) whether the defendants trespassed on their property by going beyond the area subject to the temporary easement. The Witherses also argue that the trial court erred in granting the motion of defendant Mobile Gas to strike a portion of the deposition of Maurice McIntyre.
Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. A.R.Civ.P. 56(c), Ray v. Montgomery,399 So.2d 230 (Ala. 1980). In support of its motion for summary judgment on the fraud claim, Mobile Gas introduced the easement document executed by the Witherses and Mobile Gas. The Witherses counter the motion by offering evidence of oral statements allegedly made by representatives of Mobile Gas before the easement document was executed. The alleged oral representations were that the pipeline would be totally buried and that the Witherses would not even know it was there. The Witherses claim that they were induced by these alleged fraudulent representations to execute the agreement. The Witherses, however, executed a document which by its terms expressly allows Mobile Gas to place the block valve on their property. It is true that fraud can be an exception to the parol evidence rule. Nelson Realty Co. v. Darling Shop ofBirmingham, 267 Ala. 301, 101 So.2d 78 (1957). Actionable fraud, however, requires justifiable reliance. Hickox v.Stover, 551 So.2d 259, 263 (Ala. 1989). This reliance is assessed as follows:
 "A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully understand the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is 'one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.' "
Southern States Ford, Inc. v. Proctor. 541 So.2d 1081, 1091-92
(Ala. 1989) (Hornsby, C.J., concurring specially).
The document that the Witherses signed granted Mobile Gas the right "to construct, lay, maintain, operate, alter, repair, replace, change the size of, remove and abandon a pipeline or pipelines and appurtenances thereto, including, but not limitedto, fittings, tie-overs, valves and cathodic protectionfacilities." (Emphasis added.) The Witherses claim that this language is ambiguous with respect to whether the appurtenances were to be above or below the ground and, thus, that this language did not apprise them of the possible installation of an above ground device. Whether a contract is ambiguous is a legal question to be decided by the trial court. CherokeeFarms, Inc. v. Fireman's Fund Ins. Co., 526 So.2d 871, 873
(Ala. 1988). Furthermore, "[t]he words of a contract are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract." Smith v.Citicorp Person-To-Person Financial Centers, Inc.,477 So.2d 308, 310 (Ala. 1985). The language providing that the pipeline itself was to be buried at least 30 inches below the ground does not create an ambiguity as to whether the appurtenances were also to be buried. The sentence containing that language reads in full as follows:
 "Grantees shall bury the pipeline or pipelines to a depth not less than 30 inches below the surface of the soil; pay Grantor for any damages to annual growing crops, fences or timber which may arise from the construction of said pipeline or pipelines and appurtenances; and pay Grantor for any damages to annual growing crops or fences which may arise from the exercise of all rights herein granted." (Emphasis added.)
Thus, the appurtenances were considered a separate feature, and while the pipeline itself was required to be buried, the appurtenances were not. Further, Mr. Withers testified that he knew that a cathodic protection facility was an above-ground device. Mr. Withers cannot be said to have failed to realize that the document granted *Page 256 
Mobile Gas the right to install aboveground devices or to have justifiably relied on Graham's alleged prior representations that everything would be buried. Accordingly, the trial court properly entered summary judgment on the fraud claim.
Next, the Witherses claim that Mobile Gas negligently supervised its agents, particularly Ruffin Graham, and that Graham negligently failed to advise them of the block valve. Their argument under this claim, however, is merely that Mobile Gas is liable for the alleged fraud of Ruffin Graham and that the defendants had a duty under Fennell Realty Co. v. Martin,529 So.2d 1003 (Ala. 1988), to disclose the installation of the above-ground block valve on their property. It is true, as the Witherses allege, that a principal may be held liable for "the fraud of its agent, committed in the course of his employment, where others rely on the fraudulent misrepresentations to their detriment." Arkel Land Co. v. Cagle, 445 So.2d 858 (Ala. 1983). Justifiable reliance is still a necessary element of the alleged fraud and, as discussed above, this requirement was not met. In this case, the easement document provided for the installation of a pipeline and appurtenances, including block valves. There was evidence that the Witherses read the contract, that Mr. Withers was a sophisticated businessman, that they had a lawyer read over the contract, and that they deleted one proposed provision that they did not agree with. InFennell, the contract signed by the plaintiffs stated that the heating and air conditioning system in a house they were buying would be in working order and it was not. There was evidence that the plaintiffs were told when they inspected the house and again at closing that the system was in operable order. Thus, unlike the Witherses, the plaintiffs in Fennell were not apprised of the true situation by the document they signed. Therefore, summary judgment was correctly entered for Mobile Gas and Graham on counts 5 and 6.
The Witherses argue that the trial court erred in entering Mobile Gas's summary judgment as to their claim for declaratory relief. The Witherses make the same claims as discussed above, that the easement document was ambiguous as to whether the appurtenances would be above-ground devices and that the defendants fraudulently represented that all the parts of the pipeline would be below ground. As discussed above, there was no justifiable reliance on the alleged fraudulent representations, and it was the province of the trial judge to determine whether the agreement was ambiguous. Obviously, he determined that the document was not ambiguous. Thus, under the terms of the easement document, Mobile Gas had the right to install the block valve, and summary judgment as to the declaratory relief sought was properly entered.
The Witherses allege that Mobile Gas construction crews trespassed by going outside the temporary 20-foot working easement. The superintendent for the construction crew admitted that the workers went outside the area subject to the easement when they were crossing Fowl River. He claims, however, that the swampy conditions at the river crossing required that they go outside the easement while constructing and laying the pipe. In Plantation Pipe Line Co. v. Locke, 290 F. Supp. 752
(N.D. Ala. 1968), the court enjoined landowners from interfering with a pipeline company's use of working space beyond the area of the easement granted to them. The court found that it was impossible for the company to place the pipeline in the area subject to the easement without using adjacent working space for their crews and equipment. The court held it would be "presumed that the parties in good faith bargained for, and the grantee was granted" the necessary additional space, unless the contract specified otherwise.
In this case the easement document originally contained the following proposed provision:
 "Grantee also shall be entitled to the use of such additional width as may be reasonably required in the exercise of its rights hereunder for crossing with a pipeline or pipelines such things as a bayou, river, stream, drainage ditch, canal *Page 257 
or other waterway, road, railroad, pipeline or pipelines or other like obstruction encountered on or adjacent to the hereinabove described right of way."
The Witherses, however, objected to Mobile Gas's taking such additional width as it deemed reasonably necessary. Thus, this provision was deleted from the easement document. When it became obvious that Mobile Gas needed additional working space, Mobile Gas attempted to obtain a lease from the Witherses for this space. The Witherses, however, refused to lease additional space. The construction crew for Mobile Gas used the additional space anyway. It was clear in this case that the parties did not intend for the easement agreement to provide for additional working space for Mobile Gas. Thus, the summary judgment was incorrectly entered for Mobile Gas on the trespass claim.
Last, the Witherses argue that the trial court erred in granting a motion by Mobile Gas to strike part of Maurice McIntyre's deposition. The trial court excluded a question asked of McIntyre and his answer as to whether Ruffin Graham knew there would be above-ground appurtenances. This testimony was correctly excluded because it called for improper testimony by McIntyre as to Graham's knowledge. C. Gamble, McElroy'sAlabama Evidence § 128.08 (3d ed. 1977).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
JONES, HOUSTON and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs in the result.