Judge William M. Acker, Jr., of the United States District Court for the Northern District of Alabama, certified to this Court two questions, pursuant to Rule 18, Ala.R.App.P. Those questions relate to a declaratory-judgment action in the federal court brought by Sustainable Forests, L.L.C. (hereinafter referred to as "Sustainable"). Sustainable filed this action after Alabama Power Company (hereinafter referred to as "APCo") filed condemnation proceedings in Escambia County and Chilton County by which it seeks to acquire rights-of-way across Sustainable's property. Sustainable seeks a judgment declaring that APCo's statutory power of eminent domain, which allows *Page 682 
APCo to condemn land for the purpose of constructing and maintaining electric power transmission lines, does not authorize APCo to condemn land for the purpose of installing fiber-optic communication lines either for its own use or for lease by APCo to third-parties. Each party has filed in the federal court a motion for a summary judgment. The questions certified to this Court are:
 "1. Under Alabama Code [1975], §§ 10-5-1 and 37-4-130, does [APCo] have the power and authority to acquire a right-of-way for its use for internal communication lines in addition to its use for the transmission of electric power?
 "2. Under Alabama Code [1975], §§ 10-5-1 and 37-4-130, does [APCo] have the power and authority to acquire a right-of-way for the installation of communication lines to be leased to or used by a third party or parties?"
The federal court has set out the relevant and undisputed facts it believes to provide the basis on which this controversy can be resolved:
 "1. [APCo] is proceeding under the authority granted it by Alabama Code [1975], §§ 10-5-1 and 37-4-130. In attempting to negotiate the acquisition of a right-of-way across Sustainable['s] lands located in Alabama, the draft deed, prepared by [APCo] and submitted to Sustainable during the failed negotiations leading up to condemnation proceedings, contained the following provision:
 "`There is also granted to the GRANTEE the rights and privileges necessary and convenient for the full enjoyment and use thereof, including the right of ingress and egress to the right-of-way together with the right to enter on the right-of-way and to place, construct, operate, repair, maintain, relocate and replace on and along said right-of-way electric transmission lines, together with poles, towers, guy wires and anchors, communication lines
and other necessary appurtenances thereto.'
"(emphasis supplied).
 "2. The condemnation petitions filed by [APCo] and pending in Escambia County and Chilton County contain the following enumeration of the `uses and purposes' for which the property interests in Sustainable's property are being acquired:
 "`That the uses and purposes for which the said land, rights and interests hereinafter described are to be condemned and taken are in connection with the construction, operation and maintenance of towers, poles and wire lines, for the transmission, distribution, supply, and sale of electric power, and plaintiff therefore seeks to acquire ways and right-of-way 162 feet in width on, across, under and over the said land hereinafter described in Par. 1 of Article Fourth hereof, and the right to construct and erect on, across, under and over said land such towers, poles and wire lines, and all appliances necessary, convenient and useful in connection therewith for such purposes, together with all the rights conferred by law and all that are necessary, useful and convenient to the enjoyment of said right-of-way for such uses and purposes. . .'
"(emphasis supplied).
 "3. [APCo] has refused to accede to Sustainable's request for a written preclusion of [APCo's] future use of the proposed right-of-way for communication lines or for fiber-optic cables, either for [APCo's] internal use, or for lease to third parties. In other words, [APCo] *Page 683 
will not disclaim the intent to do what Sustainable is afraid it will do."
APCo has stated in its brief to this Court that it has no plans to place fiber-optic communication lines on the rights-of-way it is currently seeking through the pending condemnation proceeding in the Probate Court of Chilton County and the proceeding that Sustainable has appealed to the Circuit Court of Escambia County from the probate court of that county. While Sustainable's apprehension that APCo will attempt to place communication lines and/or fiber-optic cables on its rights-of-way at some point in the future has some basis, given the materials presented to this Court, we do not believe so speculative an eventuality presents a justiciable controversy in the context of which we can definitively answer the questions certified to us by the federal court.
The certified questions require us to interpret the broad term "communication lines." Whether this term might encompass means and materials for the purpose of communication other than "lines" is speculative, especially in light of evolving communication technology. It appears that the placement of "communication lines" within the rights-of-way, whether above or below ground, is the point of contention. Finally, the questions call for this Court to speculate on the purpose for which those "communication lines" will be used, within the context of APCo's power of eminent domain to facilitate the transmission of electric power.
While this Court and the Court of Civil Appeals have suggested that a declaratory-judgment action may be the proper method by which to construe an existing easement, see Withers v. Mobile Gas Service Corp.,567 So.2d 253 (Ala. 1990), and City of Dothan v. Eighty-Four West, Inc.,738 So.2d 903 (Ala.Civ.App. 1999), we do not have here an existing easement before us that one party is prepared to contest. Thus, we are requested to fashion a broad rule concerning APCo's use of "communication lines," without any indication of a particular instance of such a use.
In other appeals to this Court from judgments in similar declaratory-judgment actions, we have likewise found no actual justiciable controversy. In Hunt Transition and Inaugural Fund, Inc. v.Grenier, 782 So.2d 270 (Ala. 2000), this Court stated:
 "For a court to grant declaratory relief, it must have before it a bona fide, presently existing justiciable controversy that affects the legal rights or obligations of the parties. See King v. Calhoun Community College, 742 So.2d 795, 797 (Ala. 1999); see also State ex rel. Baxley v. Johnson, 293 Ala. 69, 73, 300 So.2d 106, 110 (1974) (`There must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes, and if there was no justiciable controversy existing when the suit was commenced the trial court had no jurisdiction.'). `Unless the trial court has before it a justiciable controversy, it lacks subject matter jurisdiction and any judgment entered by it is void ab initio.' Ex parte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala. 1998) (citing Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945
(Ala. 1994); Luken v. BancBoston Mortg. Corp., 580 So.2d 578 (Ala. 1991); Wallace v. Burleson, 361 So.2d 554, 555-56 (Ala. 1978)).
 "This Court has held that a declaratory-judgment action will not lie for an anticipated or future controversy. See Luken v. BancBoston Mortg. Corp., supra, 580 So.2d at 580; Graddick v. Phillips, 448 So.2d 333, 336 (Ala. 1984). In Smith v. Alabama Dry Dock Shipbuilding Co., 293 Ala. 644, *Page 684 309 So.2d 424 (Ala. 1975), this Court held that there was no justiciable controversy in an action filed by a corporation seeking a declaratory judgment upholding a proposed retirement plan for certain corporate employees. . . . The trial court entered a summary judgment in favor of the corporation. On appeal by the defendant shareholders, this Court dismissed the appeal because there was no justiciable controversy, and, thus, the trial court lacked jurisdiction. This Court stated:
 "`A justiciable controversy does not exist merely because a stockholder disagrees with management or votes his stock contrary to management's position. [The defendant's] statements . . . refer to matters which may or may not occur in the future. The complaint itself alleges that the "Retirement Plan will or may be contested by [the defendants]." Allegations which merely show that the plaintiff anticipates such a controversy may arise are not sufficient to invite judicial declaration of rights.'"
782 So.2d at 272.
"Subject matter jurisdiction can neither be conferred by agreement nor can it be waived. Indeed, it is incumbent upon the court to notice subject matter jurisdiction sua sponte." Int'l Longshoremen's Ass'n v.Davis, 470 So.2d 1215, 1216 (Ala. 1985). Upon consideration of the facts as presented by the federal court as well as by the briefs filed by APCo, Sustainable, and amici curiae, we conclude that this declaratory-judgment action does not present a case "sufficient to invite judicial declaration of rights." Smith, supra. For that reason, we decline to answer the questions certified to this Court by the United States District Court for the Northern District of Alabama.
QUESTIONS DECLINED.
Moore, C.J., and Houston, Lyons, Brown, Johnstone, Woodall, and Stuart, JJ., concur.
See, J., concurs in the result.