DONALDSON, Judge.
The Alabama Department of Revenue ("the Department") appeals from a judgment of the Elmore Circuit Court ("the circuit court") finding that sales of prepaid authorization numbers for wireless services on cellular telephones were not subject to the sales tax at the time the sales were made and ordering the Department to refund the amount of taxes paid. Because we determine that the sales were subject to the sales tax, we reverse the judgment and remand the cause for further proceedings.
Facts and Procedural History
Patrick Lee Downing was the sole member of Downing Enterprises, LLC ("the LLC"), a business that sold, among other products, prepaid authorization numbers allowing access to wireless services on cellular telephones. On December 28, 2011, the Department sent Downing a final assessment of taxes against him, addressing Downing as "the sole member of Downing Enterprises, LLC, a disregarded entity." The final assessment stated that Downing owed $18,617.86 in taxes plus interest for the sales of the prepaid authorization numbers from September 1, 2008, through June 30, 2011. On August 24, 2013, a petition for a refund was filed with the Department.[1] In the petition, the petitioner's legal name is listed as "Patrick Lee Downing," and the entity that Downing was "doing business as" is listed as "Downing Enterprises, LLC." The Department denied the petition for a refund in a letter addressed to the LLC and its counsel.
The LLC appealed the denial of a refund to the Department's Administrative Law Division. See § 40-2A-7(c), Ala. Code 1975; § 40-2B-2(g)(2)(a), Ala. Code 1975. The LLC argued that the Department based its tax assessment on statutory provisions that were unconstitutional. The recently created Alabama Tax Tribunal ("the Tax Tribunal") heard the appeal.[2] On June 2, 2015, the Tax Tribunal entered a final order affirming the denial of the request for a refund based on § 40-23-1(a)(13), Ala. Code 1975, as amended by Act No. 2014-336, Ala. Acts 2014 ("the 2014 Act"), effective July 1, 2014.[3] In its order, the Tax *187 Tribunal referred to the LLC as the taxpayer and stated that it did not have jurisdiction to rule on the constitutional challenges but that those challenges could be pursued in an appeal to the circuit court.[4]
On June 19, 2015, Downing, as "the sole member of Downing Enterprises, LLC, a disregarded entity," filed an appeal of the Tax Tribunal's final order to the circuit court, arguing that the 2014 Act did not have retroactive effect and raising constitutional challenges to § 40-23-1(a)(13) and the 2014 Act. On September 5, 2017, the circuit court conducted a trial. At the trial, Downing testified that he had sold prepaid authorization numbers to access wireless services on cellular telephones.
On September 14, 2017, the circuit court entered a judgment in favor of Downing, ordering the Department to reimburse him for the amount he had paid in response to the final tax assessment. In the judgment, the circuit court found that the sales of prepaid authorization numbers were not subject to the sales tax at the time that those sales were made.
On October 26, 2017, the Department filed a notice of appeal to this court. Downing did not file an appellee's brief on appeal. This court has jurisdiction over the appeal pursuant to § 12-3-10, Ala. Code 1975.
Discussion
I.
This court requested that the parties submit letter briefs addressing any jurisdictional issues resulting from the discrepancy in the filings made by Downing as an individual and the filings made by his business, the LLC, in the underlying proceedings. See Matthews v. City of Mobile, 182 So.3d 547, 549 (Ala. Civ. App. 2014) ("[T]his court must take notice of jurisdictional issues ex mero motu.").
In its letter brief, the Department contends that the Tax Tribunal lacked jurisdiction to consider the appeal of the denial of Downing's petition for a *188 refund and that, therefore, the circuit court lacked subject-matter jurisdiction over the appeal of the Tax Tribunal's order. "A judgment entered by a tribunal that lacks subject-matter jurisdiction is void." Alves v. Board of Educ. for Guntersville, 922 So.2d 129, 134 (Ala. Civ. App. 2005). "[A] void decision or judgment will not support an appeal ...." Matthews, 182 So.3d at 551.
"Judgments entered without subject-matter jurisdiction can 'be set aside at any time as void, either on direct or on collateral attack.' International Longshoremen's Ass'n v. Davis, 470 So.2d 1215, 1217 (Ala. 1985), aff'd, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986). In Sustainable Forests, L.L.C. v. Alabama Power Co., 805 So.2d 681 (Ala. 2001), our supreme court stated:
" ' " 'Unless the trial court has before it a justiciable controversy, it lacks subject matter jurisdiction and any judgment entered by it is void ab initio.' Ex parte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala. 1998) (citing Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala. 1994) ; Luken v. BancBoston Mortg. Corp., 580 So.2d 578 (Ala. 1991) ; Wallace v. Burleson, 361 So.2d 554, 555-56 (Ala. 1978) )." '
" 805 So.2d at 683 (quoting Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 272 (Ala. 2000) )."
Alves, 922 So.2d at 134.
The Department argues that the Tax Tribunal lacked jurisdiction over the proceedings before it because, it says, the LLC did not have standing to appeal to the Tax Tribunal the denial of the petition for a tax refund that it asserts was filed by Downing. The Department asserts that only Downing was the proper party to appeal the denial of that petition for a refund. In his letter brief, Downing argues that no jurisdictional impediment precluded the underlying proceedings because, he says, for tax purposes, there is no distinction between him and the LLC.
Generally, "a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it ...." Moore & Handley Hardware Co. v. Towers Hardware Co., 87 Ala. 206, 210, 6 So. 41, 43 (1889). The Department, however, acknowledges that the LLC has only one member, Downing, and that a single-member LLC is treated as a "disregarded entity" for state-tax purposes. For state-tax purposes, single-member LLCs "are disregarded as entities separate from their sole owner, the taxpayer," if the company is also disregarded for federal-income-tax purposes. Sustainable Forests, LLC v. Alabama Dep't of Revenue, 80 So.3d 270, 272 (Ala. Civ. App. 2011). See § 40-18-1(9), Ala. Code 1975 (defining a "disregarded entity" for state-income-tax purposes as "[a]ny entity which is disregarded for federal income tax purposes"); and § 40-14A-1(g), Ala. Code 1975 (defining a "disregarded entity" for the purpose of state business-privilege and corporation-shares taxes as "[a] limited liability company that is disregarded for purposes of federal income tax ..."). Regarding federal income taxes, 26 C.F.R. § 301.7701-2(a) provides, in relevant part: "A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner."[5] Because *189 the LLC meets the definition of a disregarded entity for federal-income-tax purposes, the LLC is disregarded as a separate entity and its sole member, Downing, is treated in the same manner as a sole proprietor for state-tax purposes.
The Department's Revenue Procedure 98-001 (3)(a) provides:
"For purposes of the taxing statutes in Title 40, Code of Alabama 1975, all LLCs which, pursuant to Act 97-920, include both single member and multiple member LLCs organized on or after January 1, 1997, will be classified as they are classified for federal income tax purposes under the Internal Revenue Service's 'check-the-box' regulations."
See § 40-2A-5(a), Ala. Code 1975 (regarding authority to issue revenue rulings and revenue procedures). Therefore, the Department is bound to consider the LLC as a disregarded entity for the purposes of the procedure for appealing to the Tax Tribunal set forth in § 40-2B-2, Ala. Code 1975.
" '[W]here an agency prescribes rules and regulations for the orderly accomplishment of its statutory duties, its officials must vigorously comply with those requirements; regulations are regarded as having the force of law and, therefore, become a part of the statutes authorizing them.' Hand v. State Dep't of Human Res., 548 So.2d 171, 173 (Ala. Civ. App. 1988). The AAPA [the Alabama Administrative Procedure Act] allows agencies to promulgate rules, and 'so long as the agency holds out, through a duly adopted and promulgated agency regulation having the force of law, that a [specific] procedure is required--and since such an alternative to the AAPA procedure is authorized by § 41-22-20(b)--the agency must be held to its own standard.' Id. at 174."
ABC Coke v. GASP, 233 So.3d 999, 1008 (Ala. Civ. App. 2016).
Section 40-2B-2(g)(2) a., Ala. Code 1975, provides that "a taxpayer may appeal a final assessment or denied refund involving any [sales, use, rental, or lodgings] tax to the Alabama Tax Tribunal ...." "[T]he term 'taxpayer' includes a person ... who has standing to challenge the validity or applicability of the tax." § 40-2B-2(h)(1), Ala. Code 1975.
" 'Standing ... turns on "whether the party has been injured in fact and whether the injury is to a legally protected right." Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581 (Colo. 1998) (Kourlis, J., dissenting)(emphasis added). See also NAACP v. Town of East Haven, 892 F.Supp. 46 (D. Conn. 1995). "One has standing to bring his complaint into court 'if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.' " Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added).' "
Ex parte Sterilite Corp. of Alabama, 837 So.2d 815, 818 (Ala. 2002) (quoting State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027-28 (Ala. 1999) ). As a disregarded entity, the LLC is not distinguishable from Downing for the purpose of appealing pursuant to § 40-2B-2(g)(2) a., and the Department acknowledges that Downing would have had standing to appeal the denial of his petition for a refund to the Tax Tribunal. We, therefore, conclude that the LLC also had standing to appeal to the Tax Tribunal.
*190 The Department also argues that Downing failed to pay the entire amount of assessed taxes before filing a petition for a refund and that, therefore, the Tax Tribunal lacked jurisdiction to consider Downing's appeal of the denial of his petition for a refund. Subject to alternative statutory procedures not applicable in this case, "the Alabama Tax Tribunal shall be the sole, exclusive, and final authority for the hearing and determination of questions of law and fact arising under the tax laws of this state." § 40-2B-2(g)(1), Ala. Code 1975. "[A] taxpayer may appeal a final assessment or denied refund involving any [sales, use, rental, or lodgings] tax to the Alabama Tax Tribunal in accordance with the procedures and requirements provided in Section 40-2A-7 and this chapter." § 40-2B-2(g)(2) a. We note that the Alabama Taxpayer's Bill of Rights and Uniform Revenue Procedures Act, § 40-2A-1 et seq., Ala. Code 1975, of which § 40-2A-7 is a part, "shall be liberally construed to allow substantial justice." § 40-2A-2(1)a., Ala. Code 1975.
Section 40-2A-7(c) provides, in relevant part:
"(1) Petition for refund allowed, generally. Any taxpayer may file a petition for refund with the department for any overpayment of tax or other amount erroneously paid to the department or concerning any refund which the department is required to administer. If a final assessment for the tax has been entered by the department, a petition for refund of all or a portion of the tax may be filed only if the final assessment plus applicable interest has been paid in full prior to or with the filing of the petition for refund....
"....
"(5) Procedures if refund denied; appeal.
"a. A taxpayer may appeal from the denial in whole or in part of a petition for refund by filing a notice of appeal with the Alabama Tax Tribunal within two years from the date the petition is denied, and the appeal, if timely filed, shall proceed as hereinafter provided for appeals to the Alabama Tax Tribunal.
"b. In lieu of appealing to the Alabama Tax Tribunal, the taxpayer may appeal from the denial of a petition for refund by filing a notice of appeal with the Circuit Court in Montgomery County, Alabama, or the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama, as appropriate, by filing the notice of appeal within two years from the date the petition is denied. The circuit court shall hear the appeal according to its own rules and procedures and shall determine the correct amount of refund due, if any.
"c. If an appeal is not filed with the Alabama Tax Tribunal or the circuit court within two years of the date the petition is denied, then the appeal shall be dismissed for lack of jurisdiction."
Section 40-2B-2(h)(1), Ala. Code 1975, further provides:
"A taxpayer may commence a proceeding in the Alabama Tax Tribunal by filing a notice of appeal protesting the Department of Revenue's determination imposing a liability for tax, penalty, or interest; denying a refund or credit application; canceling, revoking, suspending, or denying an application for a license, permit, or registration; or taking any other action that gives a person the right to a hearing under the law. The notice of appeal shall be filed in accordance with the time periods required by *191 Sections 40-2A-7 and 40-2A-8, [Ala. Code 1975,] or any other applicable provision that is within the jurisdiction of the Alabama Tax Tribunal.... The notice of appeal filed by the taxpayer with the Alabama Tax Tribunal shall identify the final assessment, denied refund, or other act or refusal to act by the department which is the subject of the appeal, the position of the appealing party, the basis on which relief should be granted, and the relief sought. A notice of appeal that does not include all of the above information shall be sufficient to invoke the jurisdiction of the Alabama Tax Tribunal. The judge may require a taxpayer to file an amended notice of appeal if more information is deemed necessary."
Accordingly, an untimely filed appeal deprives the Tax Tribunal of jurisdiction, but the Tax Tribunal's jurisdiction is not affected by a lack of information in a notice of appeal regarding the type of determination by the Department, whether a final assessment or a denied refund. Although § 40-2A-7(c)(1) apparently requires the payment of the amount in a final assessment plus interest before filing a petition for a refund, the Department does not offer any legal authority, and we are not aware of any, identifying that requirement as a jurisdictional prerequisite for an appeal to the Tax Tribunal.
" 'Subject-matter jurisdiction concerns a court's power to decide certain types of cases.' Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006). Section 40-2B-2(g)(1), Ala. Code 1975, gives the tax tribunal jurisdiction over appeals from the denial of a petition for a tax refund."
Ex parte State Dep't of Revenue, 247 So. 3d 378, 383 (Ala. Civ. App. 2016). We conclude that, even if Downing had not paid the full amount of the final assessment against him before filing his petition for a refund, that issue did not deprive the Tax Tribunal of jurisdiction to hear the appeal of the denial of the petition for a refund. Because the record does not indicate that this issue was raised in the circuit court or the Tax Tribunal, we decline to discuss it further. See Ex parte Williamson, 907 So.2d 407, 416 (Ala. 2004) ("In a review of an administrative agency's decision, 'the circuit court's jurisdiction was limited to a consideration of the issues properly raised and made of record before the Board.' " (quoting Joyner v. City of Bayou La Batre, 572 So.2d 492, 493 (Ala. Civ. App. 1990) ) ); Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) ("[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered by the trial court.").
II.
The Department contends that the sales of prepaid authorization numbers by the LLC are subject to taxation pursuant to § 40-23-1, Ala. Code 1975. In construing § 40-23-1,
"[this court] must
" ' "ascertain and effectuate legislative intent as expressed in the statute." Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). "To ascertain that intent, we must first focus our attention on the language of the [statute], and we must give effect to the intent clearly expressed therein if the language is unambiguous." City of Millbrook v. Tri-Community Water System, 692 So.2d 866, 867 (Ala. Civ. App. 1997) (citing Hartselle, 460 So.2d at 1223 ). "Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning." Hartselle, 460 So.2d at 1223.'
*192 " Yelverton's, Inc. v. Jefferson Cty., 742 So.2d 1216, 1222 (Ala. Civ. App. 1997).
" 'Further, it is well established that " '[s]ections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each.' " New Joy Young Restaurant, Inc. v. State Dep't of Revenue, 667 So.2d 1384 (Ala. Civ. App. 1995) (quoting Locke v. Wheat, 350 So.2d 451, 453 (Ala. 1977) ). Finally, "[this court] recognize[s] that a statute should be construed, if possible, to give effect to every section thereof, and that the legislature should not be deemed to have done a vain and useless thing." State of Alabama Home Builders Licensure Bd. v. Sowell, 699 So.2d 214 (Ala. Civ. App. 1997).'
" State v. Amerada Hess Corp., 788 So.2d 179, 183-84 (Ala. Civ. App. 2000)."
The Shoals Mill Dev., Ltd. v. Shelby Cty. Bd. of Equalization, 238 So.3d 1253, 1255 (Ala. Civ. App. 2017).
In its judgment, the circuit court found that the LLC's sales of prepaid authorization numbers were not subject to the sales tax during the period in which the sales occurred. The sales that were the subject of the Department's final assessment occurred between September 1, 2008, and June 30, 2011. In Act No. 97-867, Ala. Acts 1997 ("the 1997 Act"), the legislature amended § 40-23-1 to add § 40-23-1(a)(13). Although § 40-23-1 was amended in 1999, 2006, and 2013, § 40-23-1(a)(13) was not amended until the 2014 Act was enacted. Therefore, at the time that the applicable sales occurred, § 40-23-1(a)(13) provided:
"A sale of a prepaid telephone calling card or a prepaid authorization number, or both, shall be deemed the sale of tangible personal property subject to the tax imposed on the sale of tangible personal property pursuant to this chapter."
In its argument, the Department notes that the 1997 Act also amended § 40-21-122, Ala. Code 1975, to add § 40-21-122(4). Section 40-21-122 provides:
"There are hereby specifically excluded from the gross receipts or gross sales of a cellular provider, upon which the tax herein levied is calculated, all portions thereof derived from the following:
"(1) The furnishings of cellular services which the State of Alabama is prohibited from taxing under the Constitution or laws of the United States of America or the Constitution of Alabama of 1901;
"(2) The furnishing of cellular services which are otherwise taxed under the provisions of Sections 40-23-1 through 40-23-36 ;
"(3) Wholesale sales; and
"(4) The furnishing of cellular telecommunications service through the use of a prepaid telephone calling card, a prepaid authorization number, or both."[6]
Accordingly, in the 1997 Act, the legislature added a tax, codified in § 40-23-1(a)(13), to the sales of prepaid telephone calling cards and prepaid authorization numbers, and, in the same act, excluded the gross sales of such items from the taxation scheme provided in § 40-21-120 through § 40-21-126. We therefore conclude that the legislature intended § 40-23-1(a)(13) to provide for taxation on sales of prepaid telephone cards and prepaid *193 authorization numbers providing cellular telecommunication services.
At trial, Downing testified that the LLC sold prepaid authorization numbers for wireless services on cellular telephones. "Wireless" is defined as "telecommunication (as radiotelegraphy or radio-telephony) involving signals transmitted by radio waves rather than over wires." Merriam-Webster's Collegiate Dictionary 1437 (11th ed. 2003). Accordingly, wireless service on a cellular telephone does not appear to be distinguishable from "cellular telecommunications service" for the purpose of assessing taxation pursuant to § 40-23-1(a)(13). Therefore, the LLC's sales of prepaid authorization numbers were subject to taxation pursuant to § 40-23-1(a)(13), as that provision existed at the time the applicable sales occurred.
For the foregoing reasons, we reverse the circuit court's judgment ordering the Department to provide Downing a refund for the taxes he paid pursuant to the Department's final assessment, and we remand the case to the circuit court for further proceedings. We pretermit discussion of the Department's other arguments, including those regarding the constitutionality of § 40-23-1 and the 2014 Act.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, J., concur.
Moore, J., concurs in the result, without writing.
Thomas, J., recuses herself.

The Department claims that Downing had not fully paid the amount in the final assessment before the petition for a refund was filed, but the Department mentions that the issue was not raised before the Alabama Tax Tribunal or the circuit court. As discussed infra, we need not determine whether the assessed amount was fully paid before the filing of the petition for a refund.

Alabama Code 1975, § 40-2B-2(a), states that the Tax Tribunal was created "to resolve disputes between the Department of Revenue and taxpayers ...." "The Alabama Tax Tribunal shall have jurisdiction to hear and determine all appeals pending before the Department of Revenue's Administrative Law Division on October 1, 2014, and all subsequent appeals filed with the Alabama Tax Tribunal ...." § 40-2B-2(g)(1), Ala. Code 1975.

The 2014 Act amended § 40-23-1(a)(13) to provide as follows:
"A sale of a prepaid telephone calling card or a prepaid authorization number, or both, shall be deemed the sale of tangible personal property subject to the tax imposed on the sale of tangible personal property pursuant to this chapter. For purposes of this subdivision, the sale of prepaid wireless service that is evidenced by a physical card constitutes the sale of a prepaid telephone calling card, and the sale of prepaid wireless service that is not evidenced by a physical card constitutes the sale of a prepaid authorization number."
The 2014 Act also added § 40-23-1(a)(14), which provides the following definition of "prepaid wireless service":
"The right to use mobile telecommunications service, which must be paid for in advance and that is sold in predetermined units or dollars of which the number declines with use in a known amount, and which may include rights to use non-telecommunications services or to download digital products or digital content. For purposes of this subdivision, mobile telecommunications service has the meaning ascribed by Section 40-21-120[, Ala. Code 1975]."

Alabama Code 1975, § 40-2B-2(g)(6), provides, in pertinent part:
"The Alabama Tax Tribunal shall decide questions regarding the constitutionality of the application of statutes to the taxpayer and the constitutionality of regulations promulgated by the Department of Revenue, but shall not have the power to declare a statute unconstitutional on its face. A taxpayer desiring to challenge the constitutionality of a statute on its face, at the taxpayer's election, may do so by one of the following methods:
"....
"b. File a notice of appeal with the Alabama Tax Tribunal with respect to issues other than the constitutional challenge, in which the taxpayer preserves the constitutional challenge until the entire matter, including the constitutional challenge and the facts related to the constitutional challenge, is presented to the appellate court."

Under certain special rules, an otherwise disregarded entity may be treated as a corporation. 26 C.F.R. § 301.7701-2(a) ("see paragraphs (c)(2)(iii) through (vi) of this section for special rules that apply to an eligible entity that is otherwise disregarded as an entity separate from its owner"). Neither party asserts that any such special rules apply to the LLC.

Pursuant to the 1997 Act, § 40-21-122(4) originally stated: "The furnishing of Cellular Radio Telecommunications Service through the use of a prepaid telephone calling card, a prepaid authorization number, or both." The legislature amended that section to include the current language in Act No. 99-399, Ala. Acts 1999.