STUART, Justice.
 

 Vee Evelyn Carlton and Kathryn Mae Hutchinson own real property adjacent to real property owned by Amanda Webb Hollon and George Alexander Hollon. Carlton and Hutchinson sued the Hollons and the previous owners of the property, Lewis F. Webb and Alice C. Webb, alleging that alterations made to the Hollons’ property caused damage and continues to cause damage to them property. Carlton and Hutchinson alleged claims of negligence, private nuisance, trespass, and interference with the natural flow of water. They requested damages and asked the court “to issue a preliminary injunction requiring the defendants to comply with all [Alabama Department of Environmental Management] rules, regulations, and other requirements” and to issue a permanent injunction “requiring defendants to remove all obstructions and otherwise restore the normal drainage of water and further restraining defendants from obstructing such drainage in the future.” The Autauga Circuit Court entered a summary judgment for the Hollons on all claims; it certified that judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Carlton and Hutchinson appeal. We reverse and remand.
 

 Facts and Procedural History
 

 The evidence tends to show that when the Webbs owned the subject property,
 
 *441
 
 they removed timber and made changes to the surface of the property near the property line dividing the Webbs’ property and Carlton and Hutchinson’s property. The removal of the timber and the other alterations to the property, according to Carlton and Hutchinson, resulted in an alteration of the natural pattern of water drainage from the Webbs’ property onto to their property, along with an increase in the flow of silt and other discharge onto them property. Evidence was submitted that tends to show that the removal of timber and the other surface alterations may not have been performed in compliance with the rules and regulations of the Alabama Department of Environmental Management.
 

 In July 2005, the Webbs deeded their property to the Hollons. In deposition, the Hollons testified that since they have owned the property, they have not cut any timber, altered the surface features of them property, or pushed any soil, rock, or other field material into any tributary on their property. They also denied diverting drainage waters, silt, or any other discharge from them property to any other property. They stated that they have not in any way disturbed the property that was deeded to them by the Webbs.
 

 In July 2007, Carlton and Hutchinson sued the Webbs and the Hollons. The Hollons moved for a summaiy judgment, stating:
 

 “[Carlton and Hutchinson] have filed a complaint accusing all ‘Defendants’ of various misdeeds resulting in damage to their property. In fact, the Hollon Defendants did nothing to alter the parcel of real estate deeded to them by the Webbs. In this case, the Hollon Defendants are guilty of nothing other than owning and living on this parcel of property.
 

 “The evidence in this case is undisputed that the Hollons have no reason to be in the case. They are blameless and are due summary judgment.”
 

 In support of their motion, the Hollons attached an affidavit from Lewis F. Webb, who averred:
 

 “2. Amanda Webb Hollon is my daughter. George Alexander Hollon is my son-in-law. On July 22, 2005, my wife Alice and I deeded a parcel of real estate to them. The real property we deeded to them joins the real property owned by me and my wife and appears to be the land referred to in the complaint filed by plaintiffs....
 

 “3. Any removal of timber and changes made to the surface features of this real property were made before my wife and I deeded this parcel to my daughter and son-in-law. No timber has been cut off this parcel and no alteration to the surface features of this parcel have been made since my daughter and son-in-law have owned this property.”
 

 George Hollon also submitted an affidavit, averring:
 

 “2. My father-in-láw, Lewis F. Webb, and my mother-in-law, Alice C. Webb, deeded a parcel of real estate to my wife and me on or about July 22, 2005. Since that date, my wife and I have not cut any timber off this parcel of real estate and have not altered any surface features of this parcel of real estate. Any changes were made prior to our acquiring this real estate.
 

 “3. Neither my wife nor I have pushed soil, rock or any other field material into any tributary on the property we own. Neither my wife nor I have diverted drainage waters, silt or any other discharge from our property to any other property. In short, the parcel of real estate owned by my wife and I has not been disturbed since it was deeded to us.”
 

 
 *442
 
 Carlton and Hutchinson filed a motion in opposition to the Hollons’ motion for a summary judgment. In their motion, they argued, among other arguments, that the Hollons are aware of the existence of problems on the Hollons’ property with respect to drainage and erosion and that they have not remedied the problems. In support of their motion, they submitted an affidavit from Vee Carlton stating that the unnatural erosion on her property caused by conditions on the Hollons’ property is a continuous problem. She averred:
 

 “2. I am the co-owner of certain real property that adjoins that parcel of land owned by Defendants Amanda Webb Hollon and George Alexander Hol-lon....
 

 “3. The property owned by me continues to suffer from unnatural erosion problems caused by the flow of silt and other materials from the property owned by [the Hollons].
 

 “4. I personally walked along the perimeter of my land this past weekend following last week’s rain, and discovered that the ruts on [the Hollons’] land are now deeper than they ever have been due to silt and other discharge that is coming from higher elevations on the Hollons’ property.
 

 “5. It does not appear to me as though anyone has done anything to remedy the unnatural surface feature defects that are present on that real property owned by [the Hollons],
 

 “6. The injury to my land continues to worsen and can only be remedied by active efforts on the part of [the Hol-lons] insofar as foreign materials enter my property from their property.”
 
 [1]
 

 Additionally, Carlton and Hutchinson submitted excerpts from the depositions of both of the Hollons in which they admitted that they were aware of drainage problems originating on their property and admitted that they had not taken any action to remedy those problems.
 

 After reviewing the submitted pleadings, depositions, and affidavits, the circuit court entered a summary judgment for the Hol-lons.
 

 Standard of Review
 

 “ ‘The standard by which this Court will review a motion for summary judgment is well established:
 

 “ ‘ “The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (AIa.1989); § 12 — 21—12(d)[,] Ala.Code 1975. Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assur. Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).
 

 “ ‘ “In our review of a summary judgment, we apply the same standard as the trial court.
 
 Ex parte Lumpkin,
 
 702 So.2d 462, 465 (Ala. 1997). Our review is subject to the caveat that we must review the record in a light most favorable to the non-movant and must resolve all reason
 
 *443
 
 able doubts against the movant.
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412 (Ala.1990).” ’
 

 “Payton v. Monsanto Co.,
 
 801 So.2d 829, 832-83 (Ala.2001) (quoting
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 742 So.2d 182, 184 (Ala.1999)).”
 

 Baugus v. City of Florence,
 
 985 So.2d 413, 417-18 (Ala.2007).
 

 Analysis
 

 Carlton and Hutchinson contend that the trial court erred in entering a summary judgment for the Hollons because, they say, the Hollons, as owners of the subject property, are liable for not remedying the conditions on the subject property that are causing injury to their property.
 

 The Hollons argued in their motion for a summary judgment that they had not committed any of the alleged alterations to the subject property that form the basis of Carlton and Hutchinson’s claims of negligence, private nuisance, trespass, and interference with the natural flow of water and the request for injunctive relief. In support of their summary-judgment motion, they presented evidence to the trial court indicating that they had not altered the subject property since the property was conveyed to them and that any alterations to the property were made before the property was conveyed to them.
 

 In
 
 Sloss Sheffield Steel & Iron Co. v. Nance,
 
 216 Ala. 237, 113 So. 50 (1927), this Court held that a landowner may be held liable for failing to correct a condition on the landowner’s property that was created by the previous landowner when that condition causes injury to an adjacent landowner’s property, and the current landowner has had a reasonable time to correct the condition.
 

 Here, Carlton and Hutchinson have presented substantial evidence to overcome the summary judgment. Carlton’s affidavit and the admissions of the Hollons present substantial evidence creating a question for the jury to resolve as to whether the Hollons, by failing to remedy the conditions on their property, have injured the property of Carlton and Hutchinson and are liable for that damage. Therefore, the summary judgment for the Hollons is reversed.
 

 Conclusion
 

 The trial court’s judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and SEE, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 LYONS, J., concurs in the result.
 

 [1]
 

 . Carlton’s affidavit was executed on February 4, 2008.