Rel: March 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

––––––––––––––––––––––––

### CL-2025-0477

––––––––––––––––––––––––

## Virginia Jennings Sanford and Kenneth D. Sanford

## v.

## Geer Properties, Inc.

### Appeal from Tuscaloosa Circuit Court
### (CV-21-900262)

EDWARDS, Judge.

In March 2021, Virginia Jennings Sanford and Kenneth D. Sanford filed a complaint in the Tuscaloosa Circuit Court against Billy Joe Aldridge and Ready Mix USA, Inc. ("Ready Mix"), alleging claims of

continuing trespass with contumely, private nuisance, and negligence.[1] The allegations of the complaint were generally that Aldridge and the Sanfords owned adjoining parcels of property and that Aldridge had authorized Ready Mix to dump leftover concrete and to wash out its concrete trucks on a portion of his property ("the neighboring property"). The complaint further alleged that the concrete and other rubble that was dumped onto the neighboring property had flowed onto property owned by the Sanfords ("the Sanford property") and that, despite having been asked to cease the dumping, both Aldridge and Ready Mix had continued the practice. The Sanfords sought and were granted a temporary restraining order prohibiting further use of the neighboring property for the dumping of concrete. The Sanfords amended their complaint to add a claim of "Continuing Trespass/Private Nuisance" in which they complained that Aldridge had cut trees from the Sanford property and had "constructed an impoundment that has caused a lake of water and cement-laden runoff upon" the Sanford property.

---

[1]The complaint also included three fictitiously named defendants. The complaint was later amended to substitute an actual party for one of the fictitiously named defendants, but the resolution of the claims against that substituted party are not pertinent to this appeal.

On February 14, 2022, the Sanfords amended their complaint a second time. In the second amended complaint, the Sanfords added Geer Properties, Inc. ("GPI"), as a defendant and alleged that Aldridge had sold the neighboring property to GPI and had transferred ownership by a deed dated October 8, 2021. The second amended complaint also added an additional claim of "Continuing Trespass/Private Nuisance" ("Count V") in which the Sanfords alleged that GPI had "maintained the [neighboring property] in a state that artificially concentrates and focuses the flow of rainwater onto the Sanford [property] to cause erosion and subsidence, through, over, and upon the Sanford [property]." The Sanfords further alleged that

> "[p]ieces of debris and rubble located at or near the boundary line between the [neighboring property] and the Sanford [property] constitute a danger of personal harm and injury, as the said pieces of debris and rubble roll downhill from the [neighboring property] with great momentum and force onto and over the Sanford [property]."

GPI filed an answer to the second amended complaint in March 2022, generally denying the allegations therein. In September 2022, GPI filed a cross-claim against Aldridge, alleging that, if it is liable to the Sanfords, Aldridge is liable to it. The Sanfords filed a third amended

3

complaint, which was later stricken, but it asserted no new allegations against GPI.[2]

In September 2024, GPI filed a motion for a summary judgment in its favor on the Sanfords' claims against it.[3] GPI argued that the Sanfords, in their respective depositions, had admitted that neither Aaron Geer nor Carol Geer had taken any action to cause the dumping of concrete or debris on the Sanford property or to create the condition that allegedly had resulted in the diversion of rainwater and subsequent erosion on the Sanford property. In addition, although GPI admitted that

---

[2]The Sanfords filed a fourth amended complaint, but that amended complaint is not pertinent to the resolution of this appeal. The details of the other motions filed by other defendants that were presented to the trial court are also not pertinent to the resolution of this appeal; thus, we do not discuss those motions or their resolutions in this opinion.

[3]GPI's motion for a summary judgment addressed all claims set out in the Sanfords' complaint and amended complaints. However, at the hearing on the motion for a summary judgment, counsel for the Sanfords clarified that the Sanfords had intended to state a claim against GPI solely for "Continuing Trespass/Private Nuisance" as set out in "Count V" of the second amended complaint. On appeal, counsel for the Sanfords again asserts that the only claim asserted against GPI was the continuing-trespass/private-nuisance claim set out in Count V of the second amended complaint. Thus, to the extent that the trial court entered judgment in favor of GPI on any other claims set out in the complaint or its amendments, the Sanfords do not seek review of the summary judgment.

4

caselaw indicated that a subsequent owner of property upon which a nuisance had been created could potentially be liable for failing to remediate the nuisance, see Carlton v. Hollon, 4 So. 3d 439, 443 (Ala. 2008) (stating that "a landowner may be held liable for failing to correct a condition on the landowner's property that was created by the previous landowner when that condition causes injury to an adjacent landowner's property, and the current landowner has had a reasonable time to correct the condition"), GPI contended that the Sanfords had also admitted in their respective depositions that they had never contacted either Aaron or Carol regarding any need to remediate the issue created by the concrete on the neighboring property. Thus, GPI contended, it had not had a "reasonable time to correct the condition." In support of its arguments, GPI attached portions of the deposition testimony of both Virginia and Kenneth to its motion for a summary judgment.

At the hearing on the motion for a summary judgment, the Sanfords contended that the motion should be denied because they had sued GPI, not Aaron and Carol. Although the Sanfords admitted that GPI had presented evidence establishing that the Sanfords had admitted that Aaron and Carol were not responsible for the dumping of concrete and

5

debris resulting in overflow onto the Sanford property or for causing the diversion of rainwater onto and erosion on the Sanford property, the Sanfords argued that that evidence presented by GPI did not establish that <u>GPI</u> was not responsible. Regarding GPI's argument that the Sanfords had failed to notify Aaron or Carol about the need for remediation before adding GPI as a party to the action, the Sanfords contended that the caselaw did not require advance notice to a successor owner before bringing an action. In response to the Sanfords' arguments, counsel for GPI stated that GPI "is, by the way, Aaron Geer and his wife, Carol Geer."

On May 7, 2025, the trial court entered a summary judgment in favor of GPI. The trial court certified that judgment as a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P. The Sanfords filed a timely appeal from the summary judgment.

Our review of a summary judgment is de novo; that is, we apply the same standard as was applied in the trial court. <u>Ex parte Ballew</u>, 771 So. 2d 1040, 1041 (Ala. 2000). Rule 56(c)(3), Ala. R. Civ. P., provides that a motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as

a matter of law. Generally, a party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden, 592 So. 2d 1036, 1038 (Ala. 1992) (plurality opinion).

> "'If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56[, Ala. R. Civ. P.,] burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant's claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. ...'"

Ex parte General Motors Corp., 769 So. 2d 903, 909 (Ala. 1999) (quoting Berner v. Caldwell, 543 So. 2d 686, 691 (Ala. 1989) (Houston, J., concurring specially)).

If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by presenting 'substantial evidence' to create a genuine issue of material fact." Hilliard v. City of Huntsville Elec. Utility Bd., 599 So. 2d 1108, 1110 (Ala. 1992). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life

Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989). Furthermore, when considering a motion for a summary judgment, "the court must view the evidence in the light most favorable to the nonmoving party and must resolve all reasonable doubts against the moving party." Waits v. Crown Dodge Chrysler Plymouth, Inc., 770 So. 2d 618, 618 (Ala. Civ. App. 1999).

The elements of a claim of trespass are "1) an invasion affecting an interest in the exclusive possession of [the plaintiff's] property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and 4) substantial damages to the res." W.T. Ratliff Co. v. Henley, 405 So. 2d 141, 145 (Ala. 1981) (quoting Borland v. Sanders Lead Co., 369 So. 2d 523, 529 (1979)). Our supreme court has explained that a nuisance

> "may consist of conduct that is intentional, unintentional, or negligent. Indeed, it may even consist of activities that are conducted in an otherwise lawful and careful manner, as well as conduct that combines with the culpable act of another, so long as it works hurt, inconvenience, or damage to the complaining party. …
>
> "This does not mean, however, that the plaintiff is not required to prove against the defendant the elements of legal duty and causal relation between the conduct or activity

8

complained of and the hurt, inconvenience, or damage sued for. That which works hurt to another, to satisfy the statutory definition of a nuisance, must comport with the classical tort concepts of duty and causation. See Lauderdale County Board of Education v. Alexander, 269 Ala. 79, 110 So. 2d 911 (1959) (holding that the statutory definition of nuisance is declaratory of the common law and does not supersede the common law as to the other conditions and circumstances constituting a nuisance under the common law). Thus, we must look to the particular facts of each case to determine whether the party charged with creating and maintaining a nuisance has engaged in a course of conduct, or has permitted to exist a set of circumstances, that, in its natural and foreseeable consequences, proximately caused the hurt, inconvenience, or damage complained about."

Tipler v. McKenzie Tank Lines, 547 So. 2d 438, 440-41 (Ala. 1989).

In their brief on appeal, the Sanfords contend that GPI did not establish that it was entitled to a summary judgment. First, the Sanfords point out that they sued GPI, a corporation, not Aaron and Carol as individuals, and, thus, they say, GPI's evidence in support of its motion for a summary judgment did not establish that no genuine issue of material fact relating to whether GPI's conduct created or maintained the alleged nuisance or constituted or maintained the alleged trespass existed. Secondly, they argue that Carlton, which requires that a subsequent landowner have "reasonable time to correct [a] condition" on the land, 4 So. 3d at 443, does not require "pre-litigation communication"

9

with a subsequent landowner about a nuisance and, further, that, even if such communication is required, GPI did not establish that the Sanfords, or someone acting on their behalf, did not communicate with GPI.

Although GPI is correct that the Sanfords failed to present legal authority in their argument regarding the failure of GPI to establish that no genuine issue of material fact regarding the conduct of GPI, the corporation, existed, see Rule 28(a)(10), Ala. R. App. P. (requiring that an appellant support his argument with citations to applicable legal authority), GPI also responds to the Sanfords' argument by contending that the statement by its counsel at the summary-judgment hearing that GPI "is, by the way, Aaron Geer and his wife, Carol Geer," was sufficient to establish that Aaron and Carol are the "principals" of GPI and that their actions are, therefore, the actions of the corporation or that communication with GPI could be accomplished through communication with Aaron and Carol. See Bishop v. Robinson, 516 So. 2d 723, 724 (Ala. Civ. App. 1987) (indicating that this court will consider the merits of an argument despite noncompliance with Rule 28, Ala. R. App. P., in cases in which the appellee responded adequately to the issue); see also

Heckathorn v. City of Homewood, 398 So. 3d 334, 338 (Ala. Civ. App. 2024).

As the Sanfords correctly contend, GPI presented evidence establishing only that Aaron and Carol, as individuals, had not participated in actions causing the condition of the neighboring property or the resulting condition of the Sanford property; however, Aaron and Carol were not defendants in the action. Although counsel for GPI stated at the hearing on the summary-judgment motion that Aaron and Carol "were" GPI, GPI presented the trial court with no evidence relating to its corporate form, its shareholders, its directors or officers, or its board. "[S]tatements of counsel are not evidence." Prattville Mem'l Chapel v. Parker, 10 So. 3d 546, 558 (Ala. 2008). To the extent that GPI argues in its brief to this court that Aaron and Carol are "the principals" of GPI and that GPI acts through them, we note that the statements of counsel in a brief do not alter the record before an appellate court. Cooper v. Adams, 295 Ala. 58, 61, 322 So. 2d 706, 708 (1975) (holding, in pertinent part, that the record "cannot be changed, altered or varied on appeal by statements in briefs of counsel").

GPI, as an incorporated entity, "'is a distinct entity, to be considered separate and apart from the individuals who compose it.'" Messick v. Moring, 514 So. 2d 892, 894 (Ala. 1987) (citation omitted). Certainly, GPI is correct that GPI must act through an agent.

> "A corporation can act only through its servants, agents, or employees; but the acts of those servants, agents, or employees are not the acts of the corporation unless the servants, agents, or employees are acting for the corporation -- unless their acts are done in or about the duties assigned them or are accomplished within the line and scope of their duties."

United States Fid. & Guar. Co. v. Russo Corp., 628 So. 2d 486, 488 (Ala. 1993). However, the record contains no evidence indicating the relationship between Aaron and GPI or Carol and GPI, and it does not establish that Aaron or Carol are "servants, agents, or employees" of GPI. Id. Because the record contains no evidence indicating that Aaron and Carol are agents of GPI, the fact that their actions did not contribute to the creation or maintenance of the alleged nuisance or trespass is not relevant to the question whether any action or inaction of GPI created or maintained the conditions on the properties of which the Sanfords complain. Thus, we conclude that GPI did not present evidence negating an element of the torts of trespass or nuisance, i.e., that GPI did not

present evidence establishing a lack of a genuine issue of material fact relating to whether GPI had engaged in conduct constituting the alleged trespass or creating or perpetuating the alleged nuisance. Without such evidence, GPI failed to establish that it was entitled to a summary judgment in its favor, and the trial court erred in entering the summary judgment insofar as it was premised on the testimony relating to the actions of Aaron and Carol relating to the creation or maintenance of the alleged nuisance or trespass.

GPI also contended in its motion for a summary judgment that the Sanfords could not recover from GPI because the Sanfords had not spoken to either Aaron or Carol about the continuing issue of rainwater runoff and erosion resulting from the change to the topography of the land caused by the concrete and debris on the properties. Specifically, GPI argued that, because the Sanfords had not contacted Aaron or Carol, GPI, as the current owner of the property, could not "be held liable for failing to correct a condition on [its] property that was created by the previous landowner" because, it said, Aaron and Carol had not had "a reasonable time to correct the condition." Carlton, 4 So. 3d at 443. In response, in addition to arguing that the actions or omissions of or

13

relating to Aaron and Carol were not relevant, the Sanfords argued that Carlton does not require "pre-litigation" communication with a successor landowner regarding the alleged nuisance before liability may be premised on a continuance of the alleged nuisance.

We need not determine whether Carlton requires "pre-litigation" communication with a successor landowner before liability for continuing a nuisance may attach, however. As we have explained, the record lacks any evidence indicating that Aaron or Carol have any connection to GPI, much less that they are agents or officers of that corporation. Without such evidence, GPI did not establish that the Sanfords' failure to provide notice regarding the condition of the properties to Aaron and Carol or any failure to request that Aaron and Carol remediate that condition would equate to a lack of notice regarding the condition of the properties to GPI or a failure to request that GPI remediate that condition. Even if "pre-litigation" communication was required under Carlton, GPI failed to present evidence indicating that the Sanfords, or someone acting on their behalf, had not communicated with GPI regarding the alleged nuisance, such that GPI lacked notice of the condition or had not been provided the required "reasonable time" to correct it. Without such evidence in the

14

record, GPI did not establish that no genuine issue of material fact regarding the potential liability of GPI as a successor landowner existed, and it was therefore not entitled to a summary judgment in its favor.

After considering the arguments presented by the Sanfords and reviewing the record, we agree with the Sanfords that the summary judgment in favor of GPI was not warranted. GPI did not present evidence establishing a lack of a genuine issue of material fact relating to its own conduct or its own knowledge such that it was entitled to a judgment as a matter of law. Thus, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Hanson and Bowden, JJ., concur.

Fridy, J., concurs in the result, without opinion.